**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBY SANDERS, | No. 13-17242 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-04391-EJD |
| v. | |
| ANTHONY FOXX, Secretary, United States Department of Transportation, Agency, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted March 15, 2016[**]
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Bobby Sanders appeals the district court's grant of summary judgment in

favor of the government in his suit alleging race and gender discrimination,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disparate treatment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, and age discrimination and disparate treatment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgement. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). We affirm.

As a threshold matter, we conclude that, because Sanders contacted an Equal Employment Opportunity ("EEO") Counselor within 45 days of learning that his employment would not be extended, he appropriately exhausted his administrative remedies. 29 C.F.R. § 1614.105(a)(1). Thus, he can rely on acts occurring more than 45 days before he contacted the EEO Counselor "as background evidence in support of [his] timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

To survive summary judgment on his claims of race-, gender- and age-based discrimination, Sanders must raise a genuine issue of material fact as to whether "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference

of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). Evidence as to more favorable treatment of similarly situated individuals is lacking. Sanders relies on his own affidavit to establish discriminatory treatment, and such "conclusory allegations of alleged discrimination . . . will not bar summary judgment." *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988).

To avoid summary judgment on his claim of retaliation, Sanders must raise a genuine issue of material fact as to whether: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *Porter v. Cal. Dept. of Corr.*, 419 F.3d 885, 894 (9th Cir. 2004). Here, Sanders engaged in a protected activity by filing an EEO claim in 2004. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) ("Asserting one's civil rights . . . is a protected activity under Title VII."). He suffered an adverse employment action when the FAA declined to extend his initial five-year appointment upon its expiration in 2008. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("[A]n adverse employment action is one that materially affects the compensation, terms, conditions or privileges of employment.") (internal quotations, alterations, and citations omitted). Sanders has not, however, raised a genuine issue of material fact

3

as to a causal link between the adverse employment action in 2008 and the protected activity in 2004. Sanders puts forth scant evidence, including allegations that one of his instructors told him management expected him to fail, that his supervisors knew he had filed an EEO complaint, and that he was evaluated by two trainers instead of one. This evidence is insufficient to raise a genuine issue of material fact as to whether there was a "pattern of antagonism following the protected conduct" capable of "giv[ing] rise to the inference" of causation. *Porter*, 419 F.3d at 895 (internal quotations and citations omitted).

**AFFIRMED.**