**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN ANN PAVONI; PAMELA JOYCE MOYET; FRED ARTHUR SCHEID,<br><br>*Plaintiffs-Appellants*,<br><br>v.<br><br>CHRYSLER GROUP, LLC,<br>*Defendant-Appellee*. | No. 13-55761<br><br>D.C. No.<br>2:11-cv-10513-RGK-SP<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 7, 2015*
Pasadena, California

Filed June 17, 2015

Before: Harry Pregerson, Richard C. Tallman,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Pregerson

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Strict Products Liability

The panel reversed the district court's summary judgment in favor of Chrysler Group, LLC and vacated the district court's award of costs in the plaintiffs' diversity action against Chrysler alleging strict products liability and other theories concerning liability for deaths that occurred in a 2008 Chrysler Grand Caravan automobile.

The panel held that genuine issues of material fact existed as to whether a "false park" defect in the Grand Caravan caused the deaths of the plaintiffs' mother and her husband. The panel also held that the district court incorrectly applied the relevant California substantive law.

### COUNSEL

Robert J. Nelson, Fabrice N. Vincent, Todd A. Walburg, Jordan Elias, and Cecilia Han, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, California, for Plaintiffs-Appellants.

Philip R. Cosgrove, Hall R. Marston, and Ryan E. Cosgrove, Sedgwick LLP, Los Angeles, California, for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PREGERSON, Circuit Judge:

Karen Pavoni, Pamela Moyet, and Fred Scheid ("Plaintiffs"), three of the surviving children of Rose Coats, appeal a summary judgment order in favor of Chrysler Group, LLC ("Chrysler"), the corporate successor to the manufacturer of the 2008 Chrysler Grand Caravan automobile ("Grand Caravan") involved in the deaths of Rose and her husband, Roy Coats. Plaintiffs contend that Chrysler is liable for the Coats' deaths under the theories of strict products liability, negligent design and failure to warn, negligence, and wrongful death. We have jurisdiction under 28 U.S.C. § 1291. We reverse the grant of summary judgment and remand to the district court for trial. We also vacate the award of costs in light of our reversal of summary judgment.[1]

### I.

According to the district court's order granting summary judgment in favor of Chrysler, the facts in this case are as follows: On Sunday, February 27, 2011, police found Rose, age 75, and Roy, age 83, dead in the garage of their Menifee, California home. Rose "was found pinned between the Car's open driver-side door and the inside of the garage door frame, where she suffocated to death." Roy "was found lying on the garage floor directly beneath, and in front of her, with his left ankle under the Car's front driver-side tire. The Car ran over him and fractured his right ankle." The coroner reported that

---

[1] The costs of this appeal are taxed against Chrysler Group, LLC. *See* FRAP 39(a)(3).

Roy "died of hypertensive and atherosclerotic cardiovascular disease, a natural cause of death." No one witnessed the accident.

Plaintiffs allege that a "false park" defect in the automatic transmission of the Grand Caravan allowed Rose to exit the vehicle, believing the car to be in park. The "false park" defect caused the Grand Caravan to self-shift into reverse, and begin moving backwards. While reversing, the Grand Caravan pinned Rose between the driver's door and the inside frame of the garage door and struck Roy, causing him to have a heart attack and fall to the ground.

On November 9, 2012, before the close of discovery and before the expert disclosure deadline, Chrysler moved for summary judgment. In their timely opposition to the motion for summary judgment, Plaintiffs submitted a declaration from their design defect expert, Gerald Rosenbluth, an automobile defect investigator with 35 years of experience, who concluded that there was a "false park" design defect in the Grand Caravan and that defect more likely than not caused the Coats' deaths.

In his signed and sworn declaration, Plaintiffs' expert Rosenbluth explained the history of the alleged "false park" defect in Chrysler vehicles,[2] the engineering mechanics of the

---

[2] Rosenbluth offered information from a 1990–91 National Highway Traffic Safety Administration "false park" investigation documenting several hundred "false park" reports against Chrysler from earlier automobile models, including 212 incidents resulting in property damage, 109 resulting in injury, and seven resulting in fatalities. *See* Nat'l Highway Traffic Safety Admin., Engineering Analysis Closing Report EA 91–010 (Dec. 31, 1991), http://www-odi.nhtsa.dot.gov/acms/cs/jaxrs/download/doc/ACM11098066/INCR-EA91010-1787.pdf. Though

alleged "false park" defect, and how the alleged "false park" defect can be avoided. Rosenbluth also tested the Coats' Grand Caravan and found the "false park" defect, allowing him to "place the gear shift selector in a position between 'park' and 'reverse' wherein the subject vehicle remained motionless as if it were in 'park' for a period of time before the transmission re-engaged hydraulic reverse." Rosenbluth concluded that more likely than not, to a reasonable degree of scientific and technological certainty, a "false park" defect caused the accident that resulted in Roy and Rose Coats' deaths.

On December 5, 2012, the district court canceled a scheduled December 10, 2012 hearing on Defendant's motion for summary judgment and took the summary judgment motion under submission. On January 10, 2013, the district court granted Chrysler's motion for summary judgment, finding that "the facts presented" by Plaintiffs and their expert "are insufficient to establish the requisite causal connection between Defendant's actions and Decedents' deaths."

II.

We review a grant of summary judgment de novo. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Viewing the evidence "as a whole" and "in the

investigators noted existence of "false park" in Chrysler vehicles, the same alleged defect was "characteristic of all vehicles tested . . . so no defect was apparent in the subject Chrysler vehicles." *Id*. at 10. Ultimately, the NHTSA closed the investigation stating "[t]his investigation has not disclosed the existence of a safety defect" in Chrysler vehicles as the "number of incidents . . . in the context of the vehicle population and exposure time, does not identify a trend of failure." *Id*. at 15.

light most favorable to the party opposing the motion," the court "must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

III.

Reviewing the record in the light most favorable to the Plaintiffs, we find that genuine issues of material fact exist as to whether a "false park" defect in the Coats' Grand Caravan caused the deaths of Roy and Rose Coats. We also find that the district court incorrectly applied the relevant substantive law.

Under California law, "[a] manufacturer may be held strictly liable for placing a defective product on the market if the plaintiff's injury results from a reasonably foreseeable use of the product." *Pannu v. Land Rover N. Am., Inc.*, 191 Cal. App. 4th 1298, 1310 (2011); *see also Greenman v. Yuba Power Prods., Inc.*, 59 Cal. 2d 57, 62 (1963). The alleged existence of the "false park" defect, documented in Chrysler vehicles by the National Highway Traffic Safety Administration and identified in the Grand Caravan through Plaintiffs' expert Rosenbluth's testing, along with the details of Roy and Rose Coats' deaths, present genuine issues of material fact that would allow a reasonable jury to conclude that the "false park" defect was the legal cause of the accident

and their deaths.[3]  *See, e.g.*, *Hinckley v. La Mesa R.V. Ctr., Inc.*, 205 Cal. Rptr. 22, 29 (Ct. App. 1984) ("[P]roof of the malfunction of a part for which the manufacturer alone could be responsible, may make out a sufficient case, and so may expert testimony.") (citing William L. Prosser, *Law of Torts: Products Liability, Proof* § 103 (4th ed. 1971)).

---

[3] Further supporting remand, we note that it is well-established under California law that "a plaintiff is entitled to rely on circumstantial evidence to establish the existence of a defect and that the defect caused the injury.  Such evidence may be established by expert testimony." *Grinnell v. Charles Pfizer & Co.*, 79 Cal. Rptr. 369, 375 (Ct. App. 1969) (citations omitted).  "[I]n a products liability case proof of [defect and causation] by direct evidence is frequently impossible; a plaintiff may, therefore, satisfy his burden of proving defect and causation by circumstantial evidence." *Dimond v. Caterpillar Tractor Co.*, 134 Cal. Rptr. 895, 901 (Ct. App. 1976).

The district court dismissed Plaintiffs' expert Dr. Carly Ward's biomechanical accident analysis report, and declaration, filed with Plaintiffs' motion for reconsideration.  Dr. Ward has a Ph.D. in engineering, specializing in biomechanics and dynamics, from the University of California, Los Angeles.  She has served as a biomedical engineering expert witness and consultant more than 360 times in state and federal courts.  After exhaustively analyzing the circumstantial evidence, Dr. Ward concluded that "[b]oth deaths were caused by the Dodge [Caravan] shifting into reverse from park."

The district court decided that Dr. Ward's report and declaration were "not of such a magnitude to change the disposition of this case."  We disagree.  Under California law, Dr. Ward's report and declaration strengthen Rosenbluth's conclusions and support reversing the district court's summary judgment order. *See Thai v. Stang*, 263 Cal. Rptr. 202, 207 (Ct. App. 1989) (finding that causation determinations should not be taken away from the jury except where no reasonable person could dispute "the absence of causality").

We reverse the summary judgment order of the district court and remand for further proceedings consistent with this opinion.          We also vacate the award of costs for reconsideration in light of our reversal of summary judgment. *See* Fed. R. Civ. Pro. 54(d)(1).

**REVERSED and REMANDED in part; and VACATED in part.**