
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY LEMLEY, | No. 13-17115 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00338-TUC-JGZ |
| v. | |
| GRAHAM COUNTY, et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted December 9, 2015
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges, and SMITH, Chief District
Judge.**

Plaintiff Terry Lemley appeals the district court's grant of summary

judgment to defendants Graham County, *et al.* on Lemley's claims of national

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable William E. Smith, Chief District Judge for the U.S.
District Court for the District of Rhode Island, sitting by designation.

origin discrimination and retaliation, both of which he brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. We affirm.

The facts of this case are known to the parties. We do not repeat them. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment *de novo*. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015).[1]

The district court correctly granted summary judgment on Lemley's national origin discrimination claim. Lemley did not exhaust his administrative remedies as to his 2001 failure to promote claim. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as . . . failure to promote . . . , or refusal to hire are easy to identify" and thus have their own 300 day deadlines for bringing an administrative charge.). And for the remainder of his allegations, Lemley either does not allege adverse employment actions or fails to rebut the County's legitimate non-discriminatory reasons for the alleged employment action. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002) (setting forth *McDonnell Douglas* framework).

---

[1] Lemley notes that the district court applied an incorrect local rule in deeming nine of the County's facts undisputed. The Court need not consider the merits of Lemley and the County's respective arguments on this point. Even construing the nine facts at issue in Lemley's favor, his claims still fail.

Lemley tries to save his discrimination claim by arguing that the district court should have applied some other analytical framework to it. Lemley, however, does not articulate the framework that the district court should have applied. Nor does Lemley present direct or circumstantial evidence "that a discriminatory reason more likely than not" motivated the employer's conduct, evidence that would allow Lemley's claim to proceed under existing alternatives to the *McDonnell Douglas* analytical framework. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004).

The district court also did not err in granting summary judgment on Lemley's retaliation claim. The district court was right to question whether some of Lemley's alleged complaints actually constituted protected activities. But, regardless, Lemley's retaliation claim fails on other grounds. First, many of the adverse employment actions on which his claim rests do not constitute adverse employment actions at all. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 77 (2006) (adverse employment actions for purposes of retaliation are only those actions that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination") (internal quotation marks and citation omitted). For those actions that could be considered "adverse," Lemley failed to raise genuine disputes as to the connection between his protected activity

and the allegedly adverse actions, and as to whether the County's reasons for its actions were pretext for retaliation. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013)("[A] plaintiff making a retaliation claim under [Title VII] must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

**AFFIRMED**.