
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANDY MILLER, | No. 13-17091 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00333-TUC-JGZ |
| v. | |
| GRAHAM COUNTY, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted December 9, 2015
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges, and SMITH, Chief District Judge.[**]

Plaintiff Tandy Miller appeals the district court's grant of summary

judgment to defendants Graham County, *et al.* on Miller's claims of gender and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

national origin discrimination, including allegations of a hostile work environment, and retaliation, all of which she brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. We affirm.

The facts of this case are known to the parties. We do not repeat them. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment *de novo*. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015).[1]

Miller's gender and national origin discrimination claims each suffer from the same defect: Miller simply cannot point to any evidence, beyond her own speculation, that similarly situated individuals outside of her protected class were treated more favorably than she was. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002) (to establish a *prima facie* case of discrimination, plaintiffs must, *inter alia,* present evidence that similarly situated employees outside of their protected class were treated more favorably than the plaintiffs). Miller points to a number of instances where she claims male and Hispanic employees were treated more favorably than she was. Miller, however, failed to exhaust her administrative remedies as to her failure to promote claims,

---

[1] Accordingly, we have conducted a *de novo* review of Miller's evidence and allegations, even those allegations the district court struck on evidentiary and jurisdictional grounds.

2

*see B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (setting forth factors courts consider to determine if plaintiffs have exhausted their administrative remedies in Title VII cases); she did not support her unequal scheduling and performance review allegations with admissible evidence; and the remainder of her allegations do not concern individuals with similar job duties to hers, *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1125 (9th Cir. 2009) ("Individuals are similarly situated when they have similar jobs and display similar conduct.") (internal citation and quotation marks omitted). Accordingly, the district court did not err in holding that Miller failed to establish a *prima facie* case of national origin or gender discrimination.

Miller tries to salvage her gender discrimination claim by arguing that two comments—one from Michael Aranda, and one from Esgardo Luzania—constitute direct evidence of discrimination. The district court did not err in rejecting Miller's argument. Assuming, *arguendo*, that the comments constitute direct evidence of discrimination, Miller fails to allege any nexus between the comments and any discriminatory employment action. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2004) (nexus required between direct evidence of discrimination and adverse employment actions).

The district court also properly granted summary judgment on Miller's hostile work environment claim. While Miller has presented evidence that she experienced a subjectively hostile environment, she does not present evidence to suggest that a reasonable female Caucasian corrections officer would find the conduct offensive. *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1115 (9th Cir. 2004) (holding that the objective hostility of the environment must be considered "from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff.").

Finally, the district court did not err in granting summary judgment on Miller's retaliation claim. First, many of the allegations to which Miller points as adverse employment actions occurred prior to Miller engaging in any protected activity, and, thus, do not support her retaliation claims. *See Dawson v. Entek Int'l,* 630 F.3d 928, 936 (9th Cir. 2011) (noting that the retaliation claims to survive summary judgment, plaintiffs "must show the existence of facts from which a reasonable trier of fact could conclude that sometime during [their employment], [they] engaged in protected activity and that [their employer], retaliated against [them] in response to that activity"). And for those actions that occurred after she engaged in a protected activity, Miller has failed to present any evidence that the County's legitimate reason for taking the action was pretext for retaliation. *See id.*

4

**AFFIRMED**.