**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. JOHNSON, | No. 13-35255 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01117-RSM |
| v. | MEMORANDUM* |
| STEVEN SAGER, TRU Counselor; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez,Chief District Judge, Presiding

Submitted December 7, 2015
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and GLEASON,** District Judge.

Robert E. Johnson, a Washington state prisoner, appeals from the district

court's order granting the defendants' motion for summary judgment and their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

motion to strike portions of plaintiff's submissions in his 42 U.S.C. § 1983 action.

Johnson contends that the defendants discriminated against him because he is African American when they refused to allow him to possess a cardboard box in his cell, initiated a bunk transfer, refused to facilitate a legal phone call, and delayed opening a prison conference room. He contends that the phone call refusal and other prison staff conduct violated his right of access to the courts. He contends that prison staff undertook much of this conduct in retaliation for his legal activities, and as part of a conspiracy to deprive him of his right to equal protection. In addition, Johnson contends that the district court improperly excluded portions of his filings related to the motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

We review a district court's decision to grant summary judgment and its qualified immunity determinations de novo. *See Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). Viewing the evidence in the light most favorable to Johnson, the non-moving party, the court must determine whether there are any genuine issues of material fact such that a reasonable jury could return a verdict for Johnson, and whether the district court correctly applied the substantive law. *See Pavoni v. Chrysler Group, LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015).

We affirm the district court's grant of summary judgment and qualified immunity with respect to all claims against all defendants except with regard to the equal protection and retaliation claims against Michael Silva related to the cardboard boxes. With regard to all of the other defendants and claims, Johnson did not demonstrate a triable issue of fact regarding these defendants' intent or purpose to discriminate against him based upon his membership in a protected class, *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013), that they took actions adverse to Johnson because of his protected conduct, *Wood v. Beauclair*, 692 F.3d 1041, 1051 (9th Cir. 2012), or that they conspired to deprive him of equal protection, or of equal privileges and immunities under the laws, *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).

However, the district court erred in granting summary judgment on Johnson's equal protection and retaliation claims against defendant Michael Silva. Viewing the facts in the light most favorable to Johnson, a reasonable jury could find that Silva denied Johnson cardboard boxes in his cell because of his race while allowing similarly-situated white prisoners to have cardboard boxes in their cells. Johnson claims that Silva told him "whites or anybody else could have as many boxes as [Silva] says," and submitted affidavits purportedly from white prisoners who stated that they were allowed to retain cardboard boxes in their cells. Under

3

these alleged facts, Silva inconsistently administered a prison policy that prohibited inmates from retaining cardboard boxes in their cells. The existence of a legitimate reason for Silva to deny Johnson a cardboard box does not negate a possible intent to impermissibly discriminate against Johnson based on race. *See Serrano v. Francis*, 345 F.3d 1071, 1082–83 (9th Cir. 2003) (holding that the fact that defendant's racial remarks were in response to comments offered by the plaintiff did not negate an inference that defendant intended to discriminate). Nor does it eliminate the possibility that Johnson's grievances and civil rights litigation were the "substantial" or "motivating" factors behind Silva's conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)). The timing of Silva's alleged statements and conduct relative to Johnson's legal activities and grievances raises a genuine issue of material fact that should have survived summary judgment. *See Bruce v. Ylst*, 351 F.3d 1283, 1288–89 (9th Cir. 2003). Accordingly, we reverse the district court's grant of summary judgment in favor of defendant Silva on Johnson's equal protection and retaliation claims related to the cardboard boxes, and remand for further proceedings consistent with this memorandum.

The magistrate judge's Report and Recommendation found no constitutional violation, and found it unnecessary to "address defendants' argument that they are

4

also entitled to qualified immunity." The magistrate judge nonetheless recommended a finding that "the record demonstrates that defendants are entitled to qualified immunity" because, as relevant to the cardboard boxes, "it was not clearly established that Mr. Johnson's constitutional rights would be violated by officers confiscating cardboard boxes in accordance with prison policy . . . ." The trial court summarily adopted the Report and Recommendation. Because Silva may have violated Johnson's constitutional rights, we reverse the district court's grant of summary judgment on qualified immunity in favor of defendant Silva regarding Johnson's equal protection and retaliation claims, and remand for the district court to consider Silva's eligibility for qualified immunity in the first instance. *See Serrano*, 345 F.3d at 1077.

We review the district court's evidentiary rulings for an abuse of discretion. *Wicker v. Oregon ex rel. Bureau of Labor*, 543 F.3d 1168, 1173 (9th Cir. 2008). At the summary judgment stage, "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 418–419 (9th Cir. 2001). However, on review we conclude that none of the district court's evidentiary exclusions constitutes an abuse of discretion, so we affirm its grant of the motion to strike.

5

Costs on appeal are awarded to Johnson.

**AFFIRMED in part; REVERSED and REMANDED in part.**