**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELANIE RINCON, | No. 13-16845 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-04158- MEJ |
| v. | |
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted November 19, 2015
San Francisco, California

Before: MELLOY,** IKUTA, and HURWITZ, Circuit Judges.

Melanie Rincon worked as an organizer for AFSCME. She received three

separate extended leaves of absence of twelve months, six months, and fifteen months

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

due, initially, to a work-related injury and, later, to "chronic fatigue syndrome, fibromyalgia, recurrent migraine headaches, insomnia, and hypertension." Rincon remained in paid status during the third leave period due to a leave-share program. Her third leave period ended when AFSCME terminated her employment.

Rincon sued, alleging ADA and FMLA claims, similar state-law claims, and state and federal discrimination, retaliation, and overtime-pay claims. The district court granted summary judgment against the FMLA and related state claims, concluding AFSCME went far out of its way to provide leave time substantially exceeding anything required by law or by Rincon's collective bargaining agreement. We agree with the district court and find that Rincon's FMLA claims and wrongful termination claim are wholly without merit and that no reasonable jury could find otherwise.

The district court granted summary judgment against Rincon on the ADA and related state-law claims, holding there was no genuine issue of material fact that Rincon was not a qualified individual because she could not perform an "essential function" of her job with or without reasonable accommodation, namely, working extended hours and six to seven day weeks. Like the district court, we find no

genuine issue of material fact regarding Rincon's status as a "qualified individual." *Johnson v. Bd. of Trs. of Boundary Cnty. Sch. Dist. No. 101*, 666 F.3d 561, 564 (9th Cir. 2011). According to Rincon's own description of her position, and the position's express list of requirements, the essential functions included substantial travel and work hours in excess of her claimed abilities. Rincon's evidence that other organizers received limited accommodations does not change the essential functions analysis, because those accommodations were either temporary or consistent with extended hour shifts. Nor does evidence that AFSCME left Rincon's position open pending her potential return succeed in creating a genuine dispute of material fact.

The district court granted summary judgment against Rincon on the discrimination claim as derivative of the ADA and FMLA claims. The district court also granted summary judgment against Rincon on the retaliation claim finding a lack of evidence of pretext because AFSCME had forecast repeatedly its intent to terminate Rincon's extended leave. In fact, there was no evidence to suggest pretext other than arguably suspicious timing. And, although "[t]emporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases," *Bell v. Clackamas Cnty.*, 341 F.3d 858, 865 (9th Cir. 2003), it does not suffice in all cases. Rather, like any

-3-

circumstantial evidence, evidence of retaliation must be "'specific' and 'substantial.'" *Winarto v. Toshiba Am. Elec. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)). Here, we agree with the district court that no reasonable jury could find the temporal proximity in this case, when viewed against the record as a whole, sufficient to return a verdict in Rincon's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (stating a "dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"); *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015) (same).

Finally, the district court granted summary judgment on the overtime-pay claims, holding Rincon's position was exempt because she exercised discretion and independent judgment. We agree with the district court that no genuine issue of material fact exists as to this issue. Rincon exercised judgment and discretion as she traveled and met with prospective union members, assessed individuals for potential unionization, and served as an AFSCME liaison assisting with organizing efforts. *See* 29 U.S.C. § 213(a)(1) (administrative-employee exemption); 29 C.F.R. § 541.200(a)(3) (administrative-employee exception may apply to employees who,

among other things, exercise "discretion and independent judgment with respect to matters of significance").

AFFIRMED.