**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCKY LEATHER, INC., | No. 14-55019 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-09510-MMM-PLA |
| v. | |
| MITSUI SUMITOMO INSURANCE GROUP; MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA; MITSUI SUMITOMO INSURANCE USA, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted May 2, 2016[**]
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant Lucky Leather, Inc. ("Lucky Leather"), a retailer of leather goods in Los Angeles, purchased a commercial insurance policy from Appellee Mitsui Sumitomo Insurance Company ("Mitsui"). After water from a rainstorm penetrated its basement and damaged its merchandise, Lucky Leather filed a claim for coverage with Mitsui. Mitsui determined that the damage was excluded from Lucky Leather's insurance policy and denied coverage. In response, Lucky Leather sued Mitsui for breach of contract and for breach of the covenant of good faith and fair dealing, and requested punitive damages. After discovery, the district court granted summary judgment on all claims to Mitsui. We have jurisdiction under 28 U.S.C. § 1291, review a district court's grant of summary judgment *de novo*, *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015), and we affirm.

1. Mitsui did not breach its insurance contract with Lucky Leather. The district court properly determined that the water that damaged Lucky Leather's inventory was surface water, *see, e.g.*, *Water*, Black's Law Dictionary (10th Ed. 2014) (defining "surface water" as "[w]ater lying on the surface of the earth but not forming part of a watercourse or lake . . . most commonly derive[d] from rain, springs, or melting snow"), and correctly found that damage caused by surface

water was unambiguously excluded from Lucky Leather's insurance policy with Mitsui.

Lucky Leather's attempt to fit the water damage into the exception to the surface water exclusion contained in its insurance policy with Mitsui is unavailing. It makes no difference that the surface water that damaged Lucky Leather's inventory pooled on the ground after exiting a neighbor's drainage pipe; the drainage pipe did not back up or overflow, but rather expelled rain water onto the ground precisely as designed. *See Cardio Diagnostic Imaging, Inc. v. Farmers Ins. Exch.*, 212 Cal. App. 4th 69, 76 (2012) (holding that a "lay person would understand" the language in the exception cited by Lucky Leather to "include both water that *comes up out of* a sewer, drain or sump ('backs up') and water that *spills over from* a sewer, drain, or sump ('overflows') due to a blockage") (emphasis added).

2. Even if we were to find that Mitsui breached its insurance contract with Lucky Leather, because the parties had a genuine and reasonable dispute over whether coverage was due, Lucky Leather's claim for breach of the covenant of good faith and fear dealing fails. *See Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co.*, 90 Cal. App. 4th 335, 347 (2001) ("It is now settled law in California that an insurer denying or delaying the payment of policy benefits due to

the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract.").

3. Lucky Leather has not put forward any evidence that Mitsui's conduct was "oppressive, fraudulent, or malicious." *PPG Indus., Inc. v. Transamerica Ins. Co.*, 20 Cal. 4th 310, 319 (1999) (citing Cal. Civ. Code § 3294(a)). Accordingly, no award of punitive damages is warranted.

**AFFIRMED.**