**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS CLABAUGH,

              Plaintiff-Appellant,

v.

COUNTY OF YUMA,

              Defendant-Appellee.

No. 14-17398

D.C. No. 2:13-cv-01061 HRH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Argued and Submitted December 16, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and KOBAYASHI,[**] District

Judge.

     Douglas Clabaugh argues on appeal that the district court incorrectly granted

summary judgment to Yuma County on his 42 U.S.C. § 1983 claim for violation of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

his right to due process under the Fourteenth Amendment of the United States Constitution. We review a district court's grant of summary judgment *de novo*. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). We affirm.

First, Clabaugh argues that Yuma County failed to provide him with relevant documents ten days prior to his hearing, as required by Ariz. Rev. Stat. § 38-1101 (2012). It is well-established that the requirements of Fourteenth Amendment due process are determined by federal, not state law. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Thus, Yuma County's failure to comply with state law did not, on its own, deprive Clabaugh of procedural due process. Further, Yuma County's failure to provide Clabaugh with the relevant documents before the hearing did not violate his right to due process. Clabaugh knew the contents of the relevant documents, and Yuma County's failure to provide the documents earlier did not prevent him from meaningfully representing himself.

Second, Clabaugh argues that restricting his counsel to act only as an observer rendered the hearing constitutionally insufficient. It is undisputed that Yuma County employees told Clabaugh's counsel that she was at the hearing as an observer. However, the hearing notice stated that a representative "may be permitted to examine witnesses." Clabaugh's attorney was only asked to attend the hearing the night before, but did not ask for a continuance. Had Clabaugh's

attorney requested adequate time to prepare for the hearing, she would have been fully informed on the scope of her representation. Nevertheless, Clabaugh had an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citations and internal quotation marks omitted). Clabaugh was allowed to present evidence and call witnesses. Clabaugh was allowed to confront adverse witnesses and evidence presented against him. Clabaugh's attorney was permitted to sit next to Clabaugh and advise him throughout the hearing. Furthermore, neither Clabaugh nor his attorney objected to any of the procedures used at the hearing. And neither Clabaugh nor his attorney filed any documents or requested additional procedures after the hearing or at anytime before the hearing officer issued his decision. Accordingly, the hearing was constitutionally adequate and any shortcomings in representation were not caused by Yuma County.

Finally, Clabaugh argues that Yuma County's submission of his termination to the sheriff of another county for review did not cure the procedural deficiency. "[S]ome form of hearing is required before an individual is finally deprived of a property interest." *Id.* (citations omitted). Clabaugh was not denied procedural due process – he was placed on administrative leave on October 15, 2012; he was provided notice of dismissal; he received notice of his post-termination hearing;

3

and he was provided with an opportunity to be heard.  Submission of his termination for further review was an additional step that Yuma County elected to complete, which was not required by the Fourteenth Amendment.

**AFFIRMED.**