NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEMETA REYES, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant-Appellee.

No.   17-56699

D.C. No. 8:16-cv-00563-AG-AFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,** District Judge.

Demeta Reyes appeals the district court's grant of summary judgment in

favor of Experian Information Solutions, Inc. ("Experian") on her claim that

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Experian failed to "follow reasonable procedures to assure maximum possible accuracy" in her credit report, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b). We have jurisdiction under 28 U.S.C. § 1291, and we reverse, vacate, and remand.

"We review a grant of summary judgment de novo." *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir. 2005).

1. Reyes raised a genuine issue of material fact as to whether Experian's continued reporting of a loan serviced by Delbert Services Corporation ("Delbert") on her consumer report was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1988)).

Delbert was registered with Experian as a loan servicer and provider of consumer data. Delbert was associated with CashCall, Inc. ("CashCall"), a payday lender that allegedly used tribal lenders to avoid state usury laws. In 2014, Delbert reported to Experian a portfolio of more than 128,000 accounts purchased from

2

CashCall. In December 2014, Experian made the decision to cease reporting most loans associated with CashCall, including all loans serviced by Delbert. Shortly thereafter, Delbert went out of business and asked Experian to "discontinue use of *any and all services* provided by Experian." Experian then informed Delbert that "[a]ll subcodes have been cancelled."[1] When a subcode is deleted, loans associated with that subcode no longer appear on Experian consumer reports.

Despite Experian's stated intent to delete all Delbert accounts, and statements in January 2015 that it had done so, it failed to do so. In June 2015, CashCall informed Experian of Experian's failure to delete Delbert accounts, as CashCall had learned through consumer complaints that Delbert loans were still being reported. More than 125,000 Delbert accounts remained on file and in need of deletion as of October 2015. In April 2016, Experian deleted more than 124,000 Delbert accounts. Reyes's account was deleted in January 2016, after she disputed its inclusion in her credit file. Reyes's credit file reflects more than thirty inquiries between January 2015 and January 2016, during which time Reyes's file contained the Delbert account.

When Experian continued to report a loan associated with Delbert's "subcodes," Experian was reporting an account that was no longer verifiable and

---

[1] A "subcode" is a unique number that Experian assigns its data furnishers and customers. Experian's internal policies dictate that a subcode should be deleted when the company associated with a subcode goes out of business.

that Reyes could not make current, despite having been specifically informed by Delbert that Delbert was no longer in business. In addition, Experian continued to report Reyes's past-due Delbert account, even after deleting portions of her positive payment history on the same loan. A reasonable jury could conclude that Experian's continued reporting of Reyes's Delbert account, either on its own, or coupled with the deletion of portions of Reyes's positive payment history on the same loan, was materially misleading. *See Gorman*, 584 F.3d at 1163 ("Congress clearly intended furnishers to review reports not only for inaccuracies in the information reported but also for omissions that render the reported information misleading." (quoting *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008)).

2.      Reyes raised a genuine issue of material fact as to whether Experian's conduct was "willful" within the meaning of the FCRA. "[W]here willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

A jury could not only conclude that Experian's continued reporting of the Delbert account rendered Reyes's credit report misleading in violation of the FCRA, but that Experian has "adopt[ed] a reading of the statute that runs a risk of error *substantially greater than* the risk associated with a reading that was merely careless." *Syed v. M-I, LLC*, 853 F.3d 492, 504 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Safeco*, 551 U.S. at 69). A jury could also conclude that Experian's extraordinarily lengthy delay in implementing its internal decision to delete the Delbert accounts (after it made the decision and after it essentially told Delbert that it had deleted the accounts) "entail[ed] 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

We reverse the grant of summary judgment in Experian's favor, vacate the district court's orders denying Reyes's motions for partial summary judgment and class certification, and remand for further proceedings consistent with this decision.

**REVERSED, VACATED, and REMANDED.**