NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANA NICHOLS, | No. 17-35556 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01796-RSM |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Washington Mutual Bank, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted May 17, 2019
Seattle, Washington

Before: KLEINFELD and FRIEDLAND, Circuit Judges, and PAULEY,[**] District Judge.

Plaintiff-Appellant Diana Nichols appeals the district court's grant of

summary judgment to Defendant-Appellee the Federal Deposit Insurance

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

Corporation ("FDIC") in its capacity as receiver for Washington Mutual Bank ("WaMu"). Reviewing de novo, we hold that none of Nichols's claims presents a genuine question of material fact sufficient to survive summary judgment, and we therefore affirm. *See Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015).

1. The record shows no genuine dispute of material fact whether Nichols received all of the disclosures mandated by the Truth In Lending Act ("TILA") when she closed on her 2005 mortgage with WaMu. *See* 15 U.S.C. § 1638 (2005); 12 C.F.R. § 226.18 (2005). Nichols's contention that she did not receive the TILA-mandated disclosure that her variable-rate mortgage could cause her loan to negatively amortize is belied by the warning in the closing documents that "[t]he principal balance on your loan can increase even though you are making the required monthly payments." *See* 15 U.S.C. § 1638(a)(14) (2005); 12 C.F.R. § 226.19(b) (2005). Each of the other applicable TILA provisions was satisfied by WaMu's use of the model forms promulgated by the Federal Reserve, which was responsible at the time for implementing TILA. *See* 12 C.F.R. pt. 226 app. H-15 (2005). And contrary to Nichols's assertions, WaMu was not required to send her TILA disclosures at least three days before the loan's consummation; that provision was only applicable to loans with an interest rate far higher than that of

2

the loan Nichols obtained. *See* 15 U.S.C. § 1639(b) (2005).

2.      The record shows no genuine dispute of material fact whether WaMu breached its contract with Nichols.[1]  There is no question that WaMu paid Nichols the full sum owed under the mortgage note.  It therefore performed its contractual obligations fully; Nichols does not identify and we cannot discern any additional contractual term that WaMu might have breached.  *See Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995).  Likewise, because Washington recognizes the duty of good faith and fair dealing "only 'in relation to performance of a specific contract term,'" *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004) (quoting *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991)), WaMu cannot have breached that duty.  Nichols's theory on this claim appears to be that WaMu had a duty to adhere to the alleged misrepresentations by its employee Sean O'Connor prior to the closing, but that has nothing to do with WaMu's performance under any "specific term" of the contract itself.

3.      There is no genuine dispute of material fact as to whether WaMu breached a duty of care owed to Nichols, so her negligence claims cannot survive

---

[1] The parties do not dispute the district court's determination that Washington law governs, so we apply the law of that state to Nichols's non-federal claims.

3

summary judgment.

If Nichols is alleging that WaMu sold her an unconscionable loan and was therefore negligent, her claim is barred by the independent duty rule because there was indisputably a contract governing the loan and no separate, independent duty. *See Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1264 (Wash. 2010).

If Nichols is alleging that WaMu and O'Connor negligently misrepresented the terms of her loan to induce her to sign the note, she has not established a genuine question of material fact as to her reasonable reliance—a required element of a negligent misrepresentation claim—on any such misrepresentation. *See Donatelli v. D.R. Strong Consulting Eng'rs, Inc.*, 312 P.3d 620, 625 & n.3 (Wash. 2013). Nichols acknowledged that she realized at the closing that the loan's terms were different from those that O'Connor had described, undermining any contention that she relied on them.

Even if Nichols continued to rely on O'Connor's representations after that point, her reliance was not reasonable. She had the full terms of the loan in front of her, along with various disclosures that described the risk of negative amortization and that there could be a penalty for prepayment. She signed all of these, indicating that she received them. Furthermore, an attorney apparently explained many of these terms to Nichols and advised her that she did not have to sign the documents and that she was entitled to a three-day rescission period if she

4

did sign. Given all this information and her failure to exercise the rescission option within three days, Nichols has no claim to reasonable reliance on O'Connor's prior statements about the mortgage.

4.    Because reasonable reliance is also an element of fraud, *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996), summary judgment is appropriate on that claim as well.

5.    There is no genuine question of material fact that Nichols's contract with WaMu was enforceable, and she therefore cannot recover in unjust enrichment. *See Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). Nichols raises the contractual defenses of unconscionability and duress. Neither has merit.[2]

Her loan's terms, although unfavorable to her, do not shock the conscience. She was represented by counsel throughout the closing and had a reasonable opportunity to review the loan documents and decide whether to sign them. And WaMu did not commit any legally cognizable wrongful act that would amount to

---

[2] We do not consider these doctrines as freestanding claims because we agree with the district court that they are solely defenses to contract and do not support a cause of action. To the extent that Nichols seeks a declaratory judgment declaring the 2005 loan unenforceable based on unconscionability or duress, that aspect of her case is moot. Because Nichols is no longer adhering to the terms of the 2005 loan, but is instead bound by the terms of the modified loan with her current loan servicer, there is no live controversy about enforceability of the 2005 loan agreement for us to adjudicate. *See Matt v. HSBC Bank USA, N.A.*, 783 F.3d 368, 373 (1st Cir. 2015).

duress; "[t]he mere fact that a contract is entered into under stress or pecuniary necessity is insufficient." *Retail Clerks Health & Welfare Tr. Funds v. Shopland Supermarket, Inc.*, 640 P.2d 1051, 1054 (Wash. 1982).[3]

**AFFIRMED.**

---

[3] Because we may affirm on any ground supported by the record, *see Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 974 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1992 (2018), we do not reach whether Nichols's subsequent ratification of her initial mortgage documents bars the current action.