NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HYBRID PROMOTIONS, LLC, a California Limited Liability Company, | No. 18-56658 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-00891-JVS-MRW |
| v. | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 15, 2020[**]
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and PRESNELL,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

Hybrid Promotions, LLC ("Hybrid") appeals the district court's grant of summary judgment in favor of its insurer, Federal Insurance Company ("Federal"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Hybrid had insurance policies ("Policy") with Federal that provided coverage for lawsuits arising out of "advertising injuries" as defined by the Policy. Hybrid had a supplier agreement with Walmart, pursuant to which it provided Walmart with private label apparel, such as tee shirts, as well as display racks and related graphic signage for those products. Hybrid also agreed to indemnify Walmart for certain lawsuits related to the provided items. The agreement required that Hybrid obtain liability insurance for personal and advertising injuries.

Ultimate Brand Management ("UBM") is the owner of the MMA Elite trademark. UBM sued Walmart for trademark infringement, accusing Walmart of displaying UBM's MMA Elite trademark adjacent to or above displays that included Hybrid's private label merchandise, which was visually similar to UBM's trademarked merchandise. Pursuant to its indemnification obligation to Walmart, Hybrid requested that Federal defend Walmart. Federal declined, contending that the Policy did not cover this situation.

Hybrid first argues that, because disputed facts material to actual coverage remain, the potential for coverage exists, and thus it was entitled to partial

summary judgment on the duty to defend. Hybrid next contends that Federal's cross-motion should have been denied, because a jury could reasonably conclude that a consumer would view the retail display at issue as one advertisement, provided at least in part by Hybrid.

An order granting or denying summary judgment is reviewed de novo. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). The "interpretation of an insurance policy is a question of law." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995), *as modified on denial of reh'g* (Oct. 26, 1995). Although Hybrid contends there are lingering factual disputes, the material facts are not in dispute. At most, the evidence cited by Hybrid indicates that Walmart displayed Hybrid's products and signage in close proximity to the MMA signage and that Hybrid paid for and designed part of the signage for Hybrid's products and some of the physical display materials for those products.

At issue in both the denial of Hybrid's summary judgment motion and the granting of Federal's cross-motion is whether (1) the retail display constitutes an advertisement within the meaning of the Policy and (2) there was an advertising injury under the Policy.

The Policy defines an *advertisement* as "an electronic, oral, written or other notice, about goods, products or services, designed for the specific purpose of

attracting the general public or a specific market segment to use such goods, products or services." The Policy defines an *advertising injury* as an "injury . . . sustained by a person or organization and caused by an offense of infringing, in that particular part of [Hybrid's] advertisement about [Hybrid's] goods, products or services, [ ] upon their copyrighted advertisement; or registered collective mark, registered service mark or other trademarked name, slogan, symbol or title." Hybrid contends that the advertisement was the entire retail display. Thus, as Hybrid repeatedly emphasizes, the advertisement is the combination of signage and displays of products. Even assuming that Hybrid is correct on this point, we conclude that summary judgment was properly granted because undisputed evidence establishes that the advertisement was not "[Hybrid's] advertisement." That combination is not Hybrid's, because Hybrid did not design, pay for, possess, or set up the combination; Walmart did.

While "close proximity" of Hybrid's products to the MMA Elite signage arguably may be enough to show that the resulting arrangement was an "advertisement about [Hybrid's] goods," it is not enough to establish that the retail display was Hybrid's advertisement about Hybrid's goods. Similarly, with respect to the non-MMA-Elite signage and display materials that Hybrid paid for and/or designed, the contribution of materials that are used to make a different composite advertisement does not make that resulting advertisement Hybrid's. Accordingly,

4                                                      18-56658

the district court did not err in granting Federal's cross-motion for summary judgment.

Hybrid also appeals the district court's denial of Hybrid's motion for continuance to conduct additional discovery, which sought underwriting guidelines, underwriting manuals, claims handling guidelines, claims handling manuals and underwriting files. The requested discovery would not have been useful in resolving the key coverage issue discussed above. The district court did not abuse its discretion in denying the request.

Finally, Hybrid asks that, pursuant to Federal Rule of Evidence 201(c)(2), we take judicial notice of two photographs that are referenced in two of the cases that Hybrid cites in the Reply Brief. These photographs show retail advertising displays. Even assuming the request is timely, those other retail advertising displays are not relevant to this case. We therefore deny the Appellant's Request for Judicial Notice.

**AFFIRMED.**