NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| APRIL KITTEL, | No. 19-55690 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-06709-MWF-GJS |
| v. | |
| ADVANTAGE PHYSICAL THERAPY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted January 12, 2021**
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Plaintiff April Kittel appeals from the district court's grant of summary

judgment in favor of Defendants Blayne Liparoto and Advantage Physical Therapy

(collectively, the "Advantage Defendants"). Kittel also challenges the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court's denial of her request for leave to file a third amended complaint and its decision not to award her attorney's fees and costs. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

We review a district court's grant of summary judgment de novo. *See Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). We review a denial of leave to amend and a denial of attorney's fees under California Health & Safety Code section 123120 for an abuse of discretion. *See Alvarez v. Chevron Corp.*, 656 F.3d 925, 931 (9th Cir. 2011); Cal. Health & Safety Code § 123120 (explaining that fees and costs may be awarded "in the discretion of the court").

First, the district court did not abuse its discretion in denying Kittel a third opportunity to amend her complaint. The court appropriately held that Kittel had failed to articulate why the proposed amendments could not have been incorporated into prior iterations of her complaint, given the additional allegations

---

[1] Kittel filed this appeal prematurely, before final judgment had issued and while the claims against the City of Oxnard and Kittel's former supervisor, Sylvia Paniagua, were still pending. Subsequently, Kittel settled all claims against the City and Ms. Paniagua, which rendered the district court's orders as to the Advantage Defendants functionally equivalent to a final judgment. We "take a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule." *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1075 (9th Cir. 1994). Because the district court granted the stipulation for dismissal with prejudice of all claims against the City and Ms. Paniagua, we may exercise jurisdiction over this appeal to the extent it concerns the Advantage Defendants.

were not premised on newly discovered facts but rather new theories that could have been asserted earlier. *See Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993) ("[W]e have noted that the district court's discretion is particularly broad where the plaintiff has bypassed other opportunities to amend."). The district court also reasonably concluded that giving Kittel a third chance to amend would have been unduly prejudicial to Defendants. Kittel objects to the timing of the court's denial but fails to point to any rule prohibiting the district court from denying leave to amend prior to issuing a scheduling order.[2]

Kittel's challenges to the district court's summary judgment ruling also fail. Of the thirteen claims asserted in the Second Amended Complaint, Kittel brought only one against the Advantage Defendants. This claim stemmed from Defendants' failure to timely provide Kittel with copies of two functional capacity evaluations they administered to Kittel to assess her ability to return to work.[3] Kittel alleged violations of both the Health Insurance Portability and

---

[2] Because the district court made clear that undue delay and prejudice were sufficient bases for its denial of leave to amend, and because we conclude that was not an abuse of discretion, we need not consider Kittel's arguments regarding the district court's alternative holding that amendment would be futile.

[3] Kittel brought this claim on behalf of a putative class, and she included in her opening brief on appeal a sentence objecting to the district court's denial of class certification without prejudice. However, Kittel failed to develop this argument, and it is accordingly forfeited. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010).

Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. § 164.524, and California Health & Safety Code sections 123100, 123110, and 123148(a).[4]  The district court held that HIPAA does not provide an express or implied private right of action, and Kittel does not dispute that holding on appeal.

The district court also correctly rejected Kittel's claim under the California Health & Safety Code.  Kittel failed to establish she was entitled to damages under California Health & Safety Code section 123120, and the injunctive relief anticipated in the statute was mooted by Kittel's obtaining both evaluations in the course of the litigation.  To the extent Kittel argued that California Civil Code section 56.35 entitled her to damages for a violation of section 123120, any error by the district court in failing to expressly address this was harmless because the argument fails.  Section 56.35 provides for compensatory and punitive damages when a patient's medical information has been "used or disclosed" in violation of certain other Civil Code provisions, including section 56.10.  Cal. Civil Code § 56.35.  In context, it appears "used or disclosed" means any damages must flow from an improper release of records, not the sort of improper *nondisclosure* alleged

---

[4] Kittel moves for judicial notice of select provisions of HIPAA.  We deny the motion, as it concerns only legislative facts for which "[j]udicial notice . . . is unnecessary." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).  We are free to consult this material to the extent we find it useful. *See Owino v. Holder*, 771 F.3d 527, 534 n.4 (9th Cir. 2014).

4

by Kittel.  This reading aligns with the broader purpose of the Confidentiality of Medical Information Act, California Civil Code section 56 *et seq.*, which targets wrongful disclosure.  *See Brown v. Mortensen*, 253 P.3d 522, 533 (Cal. 2011).

Lastly, the district court did not abuse its discretion by denying attorney's fees under Health and Safety Code section 123120.  Kittel herself advocated that fees be evaluated under a catalyst theory.  Applying the catalyst framework, the district court reasonably concluded that Kittel's request for fees failed because she had not attempted to settle or otherwise avoid the lawsuit beforehand.  *See Tipton-Whittingham v. City of Los Angeles*, 101 P.3d 174, 177 (Cal. 2004).

**AFFIRMED.**