**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROL-LEE ZUVICH, | No. 12-56904 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-06832-DDP-AJW |
| And | |
| MATTHEW DOWD, an individual; VIKKI HILL, an individual; KENNETH SIMPSON, an individual; STACEY YOUNG, an individual, | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| CITY OF LOS ANGELES, a municipal corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BYBEE and N.R. SMITH, Circuit Judges and STEIN,** District Judge.

In 2008, Defendant City of Los Angeles ("the City") enacted an ordinance ("the Ordinance") that regulated certain forms of speech at the Venice Beach Boardwalk. Plaintiff Carole-lee Zuvich ("Zuvich") brought facial and as-applied challenges to the Ordinance in district court, arguing that the Ordinance amounts to an unconstitutional restriction of protected speech in a public forum. After discovery, the district court granted the City's motion for summary judgment. The district court dismissed Zuvich's facial challenge to the Ordinance as untimely, and granted summary judgment to the City on her as-applied claims because Zuvich had not demonstrated that the City enforced the Ordinance against her in a discriminatory manner. We have jurisdiction under 28 U.S.C. § 1291 and review a district court's grant of summary judgment *de novo*. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). We vacate and remand the district court's decision dismissing Zuvich's facial challenge as time-barred and instruct the district court to dismiss it as moot. We affirm the district court's dismissal of Zuvich's as-applied challenge.

1. Zuvich's facial challenge to the Ordinance is moot. The City repealed the Ordinance in 2011 and replaced it with a new ordinance that eliminates the lottery

---

** The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

and permitting system about which Zuvich complains here. Although Zuvich argues that the City remains free to reenact the challenged provisions of the Ordinance via a new legislative action, she presents no evidence to suggest that the City actually seeks to do so, or that the City has been anything but forthright in its willingness to craft an ordinance that passes constitutional muster and conforms with a decade's worth of directives from the federal courts. *See Desert Outdoor Adver., Inc. v. City of Oakland*, 506 F.3d 798, 808 (9th Cir. 2007) (holding a facial challenge to an ordinance moot when the ordinance was "set to expire" sixty days after the court's decision and there was "no indication that the City intend[ed] to readopt the provision it deleted voluntarily from the ordinance"); *see also Rosebrock v. Mathis*, 745 F.3d 963, 971–72 (9th Cir. 2014) (discussing the mootness doctrine in the context of voluntary cessation and explaining that courts "presume that a government entity is acting in good faith when it changes its policy").

Though we recognize that "a claim for damages already incurred from application of the original version of the ordinance might not be moot," *Desert Outdoor Adver.*, 506 F.3d at 808 n.10, at oral argument, Zuvich conceded that she was not seeking damages stemming from her facial challenge but only injunctive relief, *see* Oral Argument at 19:53, *Zuvich v. City of Los Angeles*, No. 12-56904

3

(May 5, 2016). Because the Ordinance Zuvich asks this Court to enjoin as facially unconstitutional no longer exists, there is no relief we can grant her.

2. Zuvich's as-applied challenge fails. The provisions of the Ordinance that Zuvich was cited for violating are valid time, place, and manner restrictions. *See Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989); *see also Berger v. City of Seattle*, 569 F.3d 1029, 1036 (9th Cir. 2009) (en banc). Zuvich has not demonstrated that the City engaged in "discriminatory enforcement of a speech restriction" by applying the Ordinance to her in an unfair manner. *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998).

3. There are three outstanding motions to take judicial notice: Appellee City of Los Angeles's Motion to Take Judicial Notice in Support of City's Answering Brief, Docket Entry #10 (June 25, 2013); Appellant/Plaintiff Carol-lee Zuvich's Motion for Judicial Notice, Docket Entry #14 (June 26, 2013); Appellant/Plaintiff Carol-lee Zuvich's Second Motion to Take Judicial Notice, Docket Entry #23 (Aug. 5, 2013). These motions are denied.

Additionally, Zuvich's Motion to Recuse District Court Judge, Docket Entry #25 (Aug. 6, 2013) is denied as moot.

Finally, the City's Motion to Strike Portions of Excerpts of Record, Docket Entry #59 (Jan. 15, 2016) and the City's Motion to Supplement the Record, Docket Entry #60 (Jan. 15, 2016) are denied.

**AFFIRMED in part and VACATED and REMANDED in part for dismissal consistent with this disposition. The parties are to bear their own costs on appeal.**