**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAW RAHMAN,

                Plaintiff-Appellant,

v.

CRYSTAL EQUATION; et al.,

                Defendants-Appellees.

No. 14-35346

D.C. No. 2:13-cv-00218-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

    Shaw Rahman appeals pro se from the district court's summary judgment in

his employment action alleging national origin and religious discrimination and

retaliation claims under Title VII.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2015).  We affirm.

The district court properly granted summary judgment on Rahman's hostile work environment claim because Rahman failed to raise a genuine dispute of material fact as to whether he was subject to harassment on the basis of his national origin or religion.  *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642-43 (9th Cir. 2004) (setting forth elements of a hostile work environment claim under Title VII).

The district court properly granted summary judgment on Rahman's national origin and religious discrimination claims because Rahman failed to raise a genuine dispute of material fact as to whether he was subject to an adverse employment action on the basis of his religion or national origin.  *See Aragon v. Republic Silver State Disposal*, 292 F.3d 654, 658 (9th Cir. 2002) (elements of a prima facie discrimination claim under Title VII).

The district court properly granted summary judgment on Rahman's retaliation claim because Rahman failed to raise a genuine dispute of material fact as to whether he was engaged in a protected activity prior to being terminated.  *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2004) (setting forth elements of retaliation claim under Title VII); *see also* 42 U.S.C. § 2000e-3(a) (describing what constitutes protected activity under Title VII).

14-35346

The district court properly dismissed defendant Muslin for lack of personal jurisdiction because Rahman failed to establish that Muslin, an Illinois resident, had the required minimum contacts with Washington such that the maintenance of his suit there would not offend due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012) (setting forth factors to evaluate personal jurisdiction).

The district court did not abuse its discretion by denying Rahman's recusal motion because Rahman failed to identify any basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and bases for recusal).

The district court did not abuse its discretion by denying as untimely Rahman's motion to extend discovery. *See Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." (citation and internal quotation marks omitted)).

We reject as unsupported by the record Rahman's contentions that

defendants breached the employment contract and that defendants violated the Thirteenth Amendment.

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Rahman's requests for a panel of a specific composition, a protective order, and a petition for writ of certiorari, set forth in his opening brief, are denied.

Rahman's motions, filed on August 28, 2015 and November 27, 2015, are denied as unnecessary.

**AFFIRMED.**

14-35346