FILED

AUG 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAW RAHMAN, | No. 14-35966 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00410-RSL |
| v. | |
| AMERICAN TIRE DISTRIBUTOR INC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Shaw Rahman appeals pro se from the district court's summary judgment in

his employment action alleging national origin and religious discrimination under

Title VII.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment on Rahman's hostile work environment claim because Rahman failed to raise a genuine dispute of material fact as to whether the complained of conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment.  *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642-43 (9th Cir. 2004) (setting forth elements of a hostile work environment claim under Title VII and explaining that courts look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance").

The district court properly granted summary judgment on Rahman's national origin and religious discrimination claims because Rahman failed to raise a genuine dispute of material fact as to whether the defendants' proffered legitimate, nondiscriminatory reason for terminating his employment was pretextual.  *See Aragon v. Republic Silver State Disposal*, 292 F.3d 654, 658-59 (9th Cir. 2002) (setting forth the burden-shifting scheme applied to Title VII employment discrimination claims); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (courts only require that an employer honestly believes

its reasons for taking an adverse employment action); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (employee's subjective beliefs of his own job competence are insufficient to show pretext).

The district court properly granted summary judgment on Rahman's retaliation claim because Rahman failed to raise a genuine dispute of material fact as to whether he was engaged in a protected activity prior to being terminated. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2004) (setting forth elements of retaliation claim under Title VII); *see also* 42 U.S.C. § 2000e-3(a) (describing what constitutes protected activity under Title VII).

The district court did not abuse its discretion in denying Rahman's motion to recuse because Rahman failed to identify any basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion")*; United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and bases for recusal).

We reject as without merit Rahman's contentions regarding his alleged breach of contract claim, alleged violations of the Thirteenth Amendment and the Sarbanes-Oxley Act, and the district court's striking of his surreply.

Rahman's motions, filed on August 28, 2015 and November 27, 2015, are

denied as unnecessary.

**AFFIRMED.**