NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALOME AGUAYO-BECERRA, Plaintiff-Appellant, v. FLSMIDTH, INC. CEMENT PROJECTS AMERICAS, Defendant-Appellee. | No. 17-36044 D.C. No. 2:15-cv-01561-JCC MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted November 9, 2018[**]
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and COLLINS,[***] District Judge.

Plaintiff-Appellant Salomé Aguayo-Becerra appeals the district court's order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

striking the declaration of his expert witness and granting summary judgment to defendant-appellee FLSmidth, Inc. ("FLS") on his products liability claims. We affirm.

First, the district court did not abuse its discretion in striking the declaration from expert witness V. Alan Werner that Aguayo-Becerra submitted in support of his opposition to summary judgment. Aguayo-Becerra produced Werner's second declaration 77 days before trial was set to begin, which is less than the 90 days before trial required by Federal Rule of Civil Procedure 26(a)(2)(D)(i).

His argument that it was nevertheless timely because it was "intended solely to contradict or rebut evidence on the same subject matter," Fed. R. Civ. P. 26(a)(2)(D)(ii), fails. Although Aguayo-Becerra may not have realized he needed Werner's declaration until FLS moved for summary judgment, he had prior notice of the evidence on which Werner was commenting. FLS had denied installing the component that injured Aguayo-Becerra months earlier in an interrogatory response, and FLS relied only on previously-produced evidence in its summary judgment motion. Rule 26's exception to the 90-day requirement for expert disclosures only allows a party to respond to evidence of which it was previously unaware, not to respond to evidence whose significance it did not previously appreciate. *See* Fed. R. Civ. P. 26 Advisory Committee Notes ("[A]n additional 30 days is allowed . . . for disclosure of expert testimony to be used solely to

contradict or rebut the testimony that may be presented *by another party's expert*.") (emphasis added). For the same reasons, the district court was within its discretion in concluding that Aguayo-Becerra's untimely disclosure was not "substantially justified."

Responding to the declaration could have required the reopening of discovery so that FLS could rebut Werner's opinions, or that the district court alter its pretrial schedule, or both. There was thus no abuse of discretion in concluding that Aguayo-Becerra failed to carry his burden to show the late disclosure was harmless. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005).

Second, reviewing de novo and viewing the record evidence in the light most favorable to Aguayo-Becerra, we agree with the district court that Aguayo-Becerra did not show the existence of a genuine issue of material fact that would preclude summary judgment. *See Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015); Fed. R. Civ. P. 56(a). Mike Begley's testimony does not support a reasonable inference that FLS installed the subject port. Begley did not testify on behalf of Ash Grove Cement West, his employer, but rather testified in his individual capacity. He did not describe with precision the searches he ran to locate old maintenance records, nor did the evidence demonstrate that Ash Grove kept diligent records, especially before implementing its computerized

recordkeeping system in 1999. With no assurance that one would expect Ash Grove to have these records or that Begley would have found them if it did, the inference Aguayo-Becerra seeks to draw from their absence is not a reasonable one. FLS therefore showed there was no genuine question of material fact as to whether it was responsible for the part that injured Aguayo-Becerra, and summary judgment was appropriate.[1]

**AFFIRMED.**

---

[1] We reject Aguayo-Becerra's contention that the grant of summary judgment was unconstitutional under the Seventh Amendment. *Diamond Door Co. v. Lane-Stanton Lumber Co.*, 505 F.2d 1199, 1203 (9th Cir. 1974).