15-504-cv
*Guerra v. Shanahan et al.*


**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2015

(Argued:  February 18, 2016       Decided: July 29, 2016)

Docket No. 15-504-cv

---

DEYLI NOE GUERRA, AKA DEYLI NOE GUERRA CANTORIAL,

*Petitioner-Appellee,*

- v. -

CHRISTOPHER SHANAHAN, FIELD OFFICE DIRECTOR, NEW YORK OFFICE, U.S. IMMIGRATIONS AND CUSTOMS ENFORCEMENT, DHS, JEH JOHNSON, SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, KENNETH DECKER, ORANGE COUNTY CORRECTIONAL FACILITY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

*Respondents-Appellants.*

---

1

Before:

WINTER, HALL, and DRONEY, *Circuit Judges.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*) granting Petitioner-Appellee Deyli Noe Guerra's petition for a writ of habeas corpus and ordering a bond hearing before an immigration judge. Respondents argue that (1) Guerra had no right to a bond hearing because his detention was authorized by 8 U.S.C. § 1231(a) and (2) his continued detention would not violate due process because his removal is reasonably foreseeable. Guerra's detention was authorized by 8 U.S.C. § 1226(a), not § 1231(a), and accordingly he was eligible to be released on bond.

AFFIRMED.

CHRISTOPHER CONNOLLY, BENJAMIN H. TORRANCE, Assistant U.S. Attorneys, U.S. Attorney's Office for the Southern District of New York, New York, NY, *for Respondents-Appellants.*

JULIE A. GOLDBERG, Goldberg & Associates, Bronx, NY, *for Petitioner-Appellee.*

Mark R. Barr, Lichter Immigration, Melissa Crow, American Immigration Council, and Matthew Guadagno, *for* amici curiae *American Immigration Council* and *American Immigration Lawyers Association.*

HALL, *Circuit Judge*:

Respondents appeal from a December 23, 2014 judgment entered in the United States District Court for the Southern District of New York (Wood, *J.*) granting Petitioner-Appellee Deyli Noe Guerra's petition for a writ of habeas corpus and ordering that Guerra be granted an individual bond hearing before an immigration judge. The district court found that Guerra's detention was governed by 8 U.S.C. § 1226(a) and he was, therefore, entitled to a bond hearing. On appeal Respondents argue that Guerra's detention was authorized by 8 U.S.C. § 1231(a), so he was not entitled to a bond hearing; they further argue that his continued detention would not violate due process because his removal is reasonably foreseeable. For the reasons stated below, we affirm the district court's decision.

## I.   BACKGROUND

Guerra, a native and citizen of Guatemala, entered the United States without inspection in 1998. Later that year he was placed in removal proceedings and ordered removed. He was removed in April 2009. The following year he again reentered the United States without inspection,

3

and again he was removed. He then reentered without inspection a third time. Following his arrest, he was detained by Immigration and Customs Enforcement ("ICE") on January 6, 2014. His 1998 removal order was reinstated pursuant to 8 U.S.C. § 1231(a)(5).

While Guerra was in detention, an asylum officer concluded that Guerra had a reasonable fear of returning to Guatemala and referred Guerra's case to an immigration judge ("IJ") for a determination as to whether Guerra was eligible for withholding of removal under 8 U.S.C. § 1231(b)(3) or the Convention Against Torture. As of the date of this opinion, Guerra's withholding of removal proceedings are pending.

Guerra petitioned for a writ of habeas corpus in the Southern District of New York in June 2014. He argued that he was entitled to a bond hearing because his detention was authorized by 8 U.S.C. § 1226(a) and aliens detained pursuant to that section are entitled to a bond hearing before an IJ under 8 C.F.R. § 1236.1(d). In the alternative, he contended that his detention violated due process. Respondents argued that his detention was authorized by 8 U.S.C. § 1231(a), which provides for periodic custody reviews by ICE but does not authorize bond hearings before an IJ. Respondents also argued that his detention did not violate

4

due process because his removal was reasonably foreseeable. The district court agreed with Guerra that his detention was governed by 8 U.S.C. § 1226(a) and granted his petition; Guerra is currently free on bond. Respondents appealed.

## II.    DISCUSSION

We review a district court's grant of habeas relief de novo. *Theodoropoulos v. INS*, 358 F.3d 162, 167 (2d Cir. 2004).

### a.  Rules Governing Detention of Aliens

If an alien who has previously had an order of removal entered against him reenters the United States, the Attorney General reinstates the final order of removal, and "the alien is not eligible and may not apply for any relief" under the immigration laws. 8 U.S.C. § 1231(a)(5). The Attorney General, however, may not remove an alien to a country where the alien would face persecution or torture. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(c).

If an alien subject to a reinstated removal order expresses to an asylum officer a reasonable fear of returning to the country specified in the removal order, the case is referred to an IJ, for "withholding-only" proceedings. 8 C.F.R. § 208.31(b), (e). In withholding-only proceedings,

5

"all parties are prohibited from raising or considering any . . . issues" other than withholding or deferral of removal. 8 C.F.R. § 1208.2(c)(3)(i). The IJ's order concerning withholding can be appealed to the Board of Immigration Appeals ("BIA"), and from there, by a petition for review, to a court of appeals. 8 C.F.R. § 208.31(e); 8 U.S.C. § 1252(b). An order of removal is considered "final" upon the earlier of a BIA decision affirming an IJ's order of removal or the passing of the deadline to appeal to the BIA an IJ's order of removal. 8 U.S.C. § 1101(a)(47)(B).

As relevant here, two statutory subsections authorize detention of aliens. 8 U.S.C. § 1226(a) authorizes the detention of an alien "pending a decision on whether the alien is to be removed from the United States"; under this section, ICE may detain an alien or release him subject to parole or a bond. If ICE elects to detain the alien, the alien may request a bond hearing before an IJ. 8 C.F.R. § 1236.1(d)(1). 8 U.S.C. § 1231(a), by contrast, governs detention of aliens who are subject to a final order of removal. This section defines a 90-day "removal period" after a removal order becomes "administratively final"; during the removal period, detention is required. 8 U.S.C. § 1231(a)(1)-(2). After the removal period has expired, detention is discretionary, but a bond hearing is not authorized if removal

6

is "reasonably foreseeable."  8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (holding that detention under § 1231(a) violates due process if removal is not "reasonably foreseeable").

**b. Analysis**

This case presents an issue of first impression in this Circuit: whether a reinstated removal order is "administratively final" during the pendency of withholding-only proceedings.  The answer to this question determines whether Guerra's detention is governed by § 1231(a) or instead by § 1226(a), and, in turn, whether he was eligible to be released on bond. None of our sister Circuits has ruled on this issue,[1] and the various district courts to have considered the issue have reached conflicting conclusions. *See Reyes v. Lynch*, 2015 WL 5081597, at *2 & nn.4-5 (D. Colo. Aug. 28, 2015) (collecting cases).

---

[1] The Ninth and Tenth Circuits have held that they lack jurisdiction over petitions for review filed while withholding-only proceedings are ongoing. *See Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012); *Luna-Garcia v. Holder*, 777 F.3d 1183, 1184 (10th Cir. 2015).  Neither court, however, answered the question of which section authorized detention for aliens in Guerra's position.  As discussed *infra*, Respondents do not challenge these cases, arguing instead that finality in the detention context differs from finality in the context of judicial review.

"Statutory construction must begin with the language employed by Congress . . . ." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985). Here, the statutory text favors Guerra's interpretation. 8 U.S.C. § 1226(a) permits detention of an alien "pending a decision on whether the alien is to be removed from the United States." The statute does not speak to the case of whether the alien is theoretically removable but rather to whether the alien will actually be removed. An alien subject to a reinstated removal order is clearly removable, but the purpose of withholding-only proceedings is to determine precisely whether "the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

The structure of the statute also favors Guerra's interpretation. 8 U.S.C. § 1226(a) authorizes the detention of aliens whose removal proceedings are ongoing. By contrast, 8 U.S.C. § 1231(a) is concerned mainly with defining the 90-day removal period during which the Attorney General "shall remove the alien." The former provision is the more logical source of authorization for the detention of aliens currently in withholding-only proceedings.

Although this case presents an issue of first impression, our precedent is not without guidance. We have held, in the similar context of

8

asylum-only proceedings,[2] that a denial of asylum is judicially reviewable even though it is not accompanied by a "final order of removal." We held that a contrary decision would "elevate form over substance." *Kanacevic v. INS*, 448 F.3d 129, 133-35 (2d Cir. 2006). In another case, we have held that an order of removal was not final when the BIA denied asylum and upheld the IJ's removal order but then remanded the alien's claims for withholding. Because the alien's "remanded applications . . . if granted, effectively would result in the cancellation of any order removing [him]," the order was not final. *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009).

Respondents do not dispute that Guerra, if his withholding application is denied, could petition this Court for review of that denial. They argue that the finality which permits judicial review is different from the finality which permits his detention under 8 U.S.C. § 1231(a). They point to no authority for this proposition, however, and we have never recognized such "tiers" of finality. Moreover, the bifurcated definition of

---

[2] Asylum-only proceedings arise when an alien enters the United States under the Visa Waiver Pilot program, "under which certain aliens may enter the United States without a visa for up to 90 days if they waive their right to contest any action for [removal] (other than on the basis of an asylum application) against them." *Jean-Baptiste v. Reno*, 144 F.3d 212, 216-17 (2d Cir. 1998); *see also* 8 U.S.C. § 1187.

finality urged upon us runs counter to principles of administrative law which counsel that to be final, an agency action must "mark the consummation of the agency's decisionmaking process." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)). Accordingly, we must take 8 U.S.C. § 1226(a) at face value when it authorizes detention for aliens "pending a decision on whether they are to be removed," and we need not create new principles parsing administrative finality.

Respondents argue that the regulations interpreting the statutes are entitled to deference and that their interpretation of these regulations is also entitled to deference. While both propositions are undoubtedly true, *see Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984); *Auer v. Robbins*, 519 U.S. 452 (1997), in this case *Chevron* deference is inapplicable because the regulations do not answer the question of which provision governs Guerra's detention. Certainly if a regulation provided that an alien in Guerra's position was subject to detention under 8 U.S.C. § 1231(a), our review would be limited to whether the regulation was "based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843. The regulations Respondents cite, however, do not provide which

10

section authorizes detention of aliens in Guerra's position. They discuss aliens who have not expressed a fear of returning and aliens who have been granted withholding but are still subject to detention. 8 C.F.R. §§ 241.3, 241.4(b)(3), 241.8(f). Respondents' argument for *Chevron* deference assumes the dispositive question in this case. They argue that because Guerra's removal order is final, the regulations (discussing aliens subject to final orders of removal) make clear that his detention is pursuant to 8 U.S.C. § 1231(a). Our holding that Guerra's removal order is not final during the pendency of his withholding-only proceedings disposes of this argument.

For similar reasons, Respondents' position is not entitled to deference under *Auer*. An agency may not convert an issue of statutory interpretation into one of deference to an agency's interpretation of its own regulations simply by pointing to the existence of regulations whose relevance is tenuous at best. *Cf. Gonzales v. Oregon*, 546 U.S. 243, 257 (2006) ("Since the regulation gives no indication how to decide this issue, the Attorney General's effort to decide it now cannot be considered an interpretation of the regulation.").

11

Accordingly, the language and structure of the statutes dictate the conclusion that Guerra's detention during the pendency of his withholding-only proceedings is detention pursuant to 8 U.S.C. § 1226(a). The regulations offer no contrary suggestion. Guerra was entitled to the bond hearing he received.

**III.   Conclusion**

For the foregoing reasons, we AFFIRM the district court's decision.