RENDELL, Circuit Judge, concurring:
I concur in the majority's reasoning and result but believe that neither 8 U.S.C. § 1226(a) nor § 1231(a) clearly addresses the detention of one whose removal order has been reinstated but who has filed for withholding of removal. The majority chooses to apply § 1231(a)(6) because, given the finality of a reinstated removal order, a decision as to whether Guerrero-Sanchez is to be removed from the United States is not "pending." While § 1226(a) may be intended to apply before a removal order is entered, the provision for bond hearings under § 1226(a) may be better suited to the instant situation, since withholding proceedings are protracted, and can remain pending for years. Two other Courts of Appeals have considered this issue, each reasoning thoughtfully to a different conclusion.[1] Thus, I submit that legislative clarification is needed in order to addresses the specific detention issue before us.[2]
Section 1231(a) anticipates that removal is certain, yet Guerrero-Sanchez's reinstated removal order is not administratively final, as his withholding proceedings are ongoing. C.f. Majority Opinion at 216. Indeed, nearly every Court of Appeals to have considered the issue of finality of a reinstated removal order has held that there is no administrative finality until the agency has adjudicated the request for withholding of removal. See Guerra v. Shanahan , 831 F.3d 59, 63-64 (2d Cir.2016) ; Jimenez-Morales v. Att'y Gen. , 821 F.3d 1307, 1308 (11th Cir.2016), cert. denied sub nom. Jimenez-Morales v. Lynch , --- U.S. ----, 137 S.Ct. 685, 196 L.Ed.2d 528 (2017) ; Ponce-Osorio v. Johnson , 824 F.3d 502, 506-07 (5th Cir.2016) ; Luna-Garcia v. Holder , 777 F.3d 1182, 1185-86 (10th Cir.2015) ; Ortiz-Alfaro v. Holder , 694 F.3d 955, 958 (9th Cir.2012) ; but see Padilla-Ramirez v. Bible , 882 F.3d 826, 832 (9th Cir.2017). See also Shehu v. Att'y Gen. , 482 F.3d 652, 656 (3d Cir.2007) (holding that an order is final when the alien is entitled to "no further process" before they are removed). Granted, Guerrero-Sanchez's removal order has been reinstated, and thus *229 not subject to appeal. Nonetheless, it is not final in the true sense of the word.[3]
As the Majority notes, Guerrero-Sanchez was detained under § 1231(a)(6) for 637 days (approximately 21 months) while his withholding proceedings remained, and continue to remain, pending. Guerrero-Sanchez was detained by ICE in May of 2015 and his withholding-only proceedings are scheduled for September 5, 2019, after which it may take months for a final decision to be issued, subject to further appeals. Thus, Guerrero-Sanchez would potentially have been detained for over four years absent a bond hearing and grant of release. Alternatively, an initial bond hearing under § 1226(a) would release those aliens who should not be detained-those who neither pose a risk of flight nor danger to their communities-without detaining them for over 6 months before they can raise a due process challenge to the prolonged nature of their detention.[4] See Majority Opinion at 224-26.
Thus, I urge that legislative action is needed to clarify whether someone in Guerrero-Sanchez's position is statutorily entitled to a bond hearing.

In Padilla-Ramirez v. Bible , 882 F.3d 826 (9th Cir.2017), the court found a reinstated removal order to be administratively final for the purpose of detention, despite the detainee's ongoing withholding proceedings, and thus found detention to be appropriate under § 1231(a). In Guerra v. Shanahan , 831 F.3d 59 (2d Cir.2016), the court reasoned that proceedings were not administratively final until the detainee's withholding proceedings had been adjudicated, and thus found § 1226(a) to apply.

Although we have construed § 1231(a)(6) to require a bond hearing after prolonged detention, § 1226(a) requires such a hearing at the outset to determine whether an alien can be detained, so the application of one section versus the other has significant ramifications.

First, an alien subject to a reinstated removal order may not be removed from the United States until withholding proceedings have concluded and administrative proceedings are truly final. Second, practically speaking, if an alien is granted withholding of removal to the designated country, he may never be removed at all, and thus removal contemplated by § 1231(a) is even less certain. Here, if Guerrero-Sanchez is granted withholding of removal to Mexico based on his reasonable fear of future persecution or his CAT claim, he may never be removed from the United States. Although prevailing on a withholding or CAT claim "would not prohibit [Guerrero-Sanchez's] removal from the United States to an alternative, non-risk country," Majority Opinion at 216, actual removal to a third, alternate country is rare. To do so, the U.S. Government must show a tie between the alien and the third country to satisfy the requirements of 8 U.S.C. §§ 1231(b)(2)(D) and (E), and that country must also be willing to accept the alien. See, e.g. , Himri v. Ashcroft , 378 F.3d 932, 936-38 (9th Cir.2004) (the government did not carry its burden of showing that petitioners, Palestinians who lived in Kuwait but had Jordanian passports, who were entitled to withholding of removal to Kuwait, were removable to Jordan, nor did the government show that Jordan would be willing to accept petitioners). Often, no such alternate country exists, and the alien who is granted withholding of removal remains in the United States indefinitely.

Although I recognize that the application of § 1226 to Guerrero-Sanchez would not automatically afford him a bond hearing due to his criminal conviction, see Majority Opinion at 216 n.6, mandatory detention under either section for many months, even years, could raise serious due process concerns.