**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDWIN OMAR FLORES
TEJADA; GERMAN VENTURA
HERNANDEZ, on behalf of
themselves as individuals and
on behalf of others similarly
situated[*],

       *Petitioners-Appellees*,

v.

ELIZABETH GODFREY, Field
Office Director; WILLIAM P.
BARR, Attorney General;
MATTHEW T. ALBENCE,
Acting Director of U.S.
Immigration and Customs
Enforcement; LOWELL
CLARK, Warden; JAMES
MCHENRY, Director of
Executive Office for
Immigration Review;

No. 18-35460

D.C. No.
2:16-cv-01454-JLR

OPINION

---

    [*] Because the district court dismissed Arturo Martinez Baños as a named plaintiff long before the orders at issue in this case, we have removed him from the case caption.

CHAD WOLF, Acting
Secretary, Department of
Homeland Security,**
    *Respondents-Appellants.*

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted November 13, 2019
Pasadena, California

Filed April 7, 2020

Before: FERDINAND F. FERNANDEZ, MILAN D.
SMITH, JR., and ERIC D. MILLER, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.;
Partial Concurrence and Partial Dissent by
Judge Fernandez

---

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Chad
Wolf is automatically substituted as the Acting Secretary of the U.S.
Department of Homeland Security and Matthew T. Albence is
automatically substituted as the Acting Director of U.S. Immigration and
Customs Enforcement.

**SUMMARY**[***]

**Immigration**

In an action where Plaintiffs—who represent a certified class of aliens with final removal orders who are placed in withholding-only removal proceedings, and who are detained pursuant to 8 U.S.C. § 1231(a)(6) in the Western District of Washington—challenged their detention, the panel: 1) affirmed the district court's judgment and permanent injunction insofar as they require the Government to provide each class member detained for six months or longer with a bond hearing before an immigration judge where the burden is on the Government to justify continued detention; 2) reversed and vacated with respect to the requirement that the Government provide class members with *additional* bond hearings every six months; and 3) reversed and vacated the partial judgment for the Government on Plaintiffs' due process claims, and remanded.

The district court granted partial summary judgment for Plaintiffs and the class on their statutory claims and, for that reason, granted partial summary judgment for the Government on Plaintiffs' due process claims. The court's permanent injunction requires three things: 1) based on *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011) (*Diouf II*), the Government must provide a class member detained for six months or longer with a bond hearing before an IJ when the class member's release or removal is not imminent;

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

2) based on *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), the Government must justify a class member's continued detention by clear and convincing evidence showing that the alien is a flight risk or a danger to the community; and 3) the Government must provide a class member who remains detained after an initial bond hearing at six months with additional bond hearings every six months thereafter.

The panel explained that this appeal presented the same core question the panel addressed the same day in *Aleman Gonzalez v. Barr*, No. 18-16465: whether the court's construction in *Diouf II* survives the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). The panel reiterated its conclusions from *Aleman-Gonzalez* that applied equally here: 1) *Diouf II*'s construction of § 1231(a)(6) to require an individualized bond hearing for an alien subject to prolonged detention is not clearly irreconcilable with *Jennings*; 2) *Jennings* does not abrogate the court's constitutional due process holding in *Singh* regarding the applicable burden of proof; and 3) the district court did not improperly re-apply the canon of constitutional avoidance to § 1231(a)(6) in contravention of *Zadvydas v. Davis*, 533 U.S. 678 (2001), or violate *Clark v. Martinez*, 543 U.S. 371 (2005).

However, the panel concluded that the district court erred by requiring the Government to provide class members with additional statutory bond hearings every six months. The panel explained that the district court could not rely on *Diouf II* to sustain that requirement because, in that case, the court applied the canon of constitutional avoidance to construe § 1231(a)(6) as requiring *an* individualized bond hearing; it did not apply the canon to read an additional bond hearings requirement into the statute. Further, the panel concluded that this court's decision in *Robbins v. Rodriguez*,

804 F.3d 1060 (9th Cir. 2015) (*Rodriguez III*), which required periodic bond hearings every six months for aliens detained under other immigration detention statutes, could not support the additional bond hearing requirements imposed by the district court given the Supreme Court's reversal of *Rodriguez III* in *Jennings*.

Noting that *Jennings* did not address an additional bond hearing requirement in the context of § 1231(a)(6), the panel nonetheless found its reasoning persuasive. In *Jennings*, the Supreme Court made clear that *Zadvydas*'s construction of § 1231(a)(6) to identify six months as a presumptively reasonable length of detention was already "a notably generous application of the constitutional-avoidance canon." Although *Diouf II*'s six-month bond hearing construction coincides with *Zadvydas*'s six-month period, the panel found no support in either *Zadvydas*'s reading of § 1231(a)(6) or the statutory text to construe the provision as requiring additional bond hearings. Accordingly, the panel reversed and vacated the judgment and permanent injunction for Plaintiffs in this regard.

In doing so, the panel also reversed and vacated partial judgment for the Government on Plaintiffs' due process claims. The panel explained that, because the district court found in favor of Plaintiffs on their statutory claims, the district court effectively treated Plaintiffs' due process claims as moot. Observing that that is no longer the case given the panel's decision, the panel remanded for the district court to consider Plaintiffs' constitutional claims.

Concurring in part and dissenting in part, Judge Fernandez wrote that he would vacate the district court's judgment and permanent injunction entirely. Therefore, Judge Fernandez concurred in the majority opinion to the

extent that it vacated and remanded on Plaintiffs' constitutional claims. However, in light of the views he expressed in his dissenting opinion in *Aleman Gonzalez*, Judge Fernandez respectfully dissented from the majority opinion to the extent it affirmed the district court's judgment and leaves the permanent injunction in place.

## COUNSEL

Matthew P. Seamon (argued) and Gladys M. Steffens Guzman, Trial Attorneys; Gisela A. Westwater, Assistant Director; William C. Peachey, Director; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.; for Respondents-Appellants.

Matt Adams (argued), Leila Kang, and Aaron Korthuis, Northwest Immigrants Rights Project, Seattle, Washington, for Petitioners-Appellees.

## OPINION

M. SMITH, Circuit Judge:

Edwin Omar Flores Tejada and German Ventura Hernandez (Plaintiffs) represent a certified class of aliens with final removal orders who are placed in withholding-only proceedings, and who are detained in the jurisdiction of the Western District of Washington (the District) for six months or longer without an individualized bond hearing. In this suit, Plaintiffs challenged Defendants-Appellants'

(hereinafter, the Government[1]) alleged policy and practice of subjecting class members to prolonged detention without an individualized bond hearing before an immigration judge (IJ).  Plaintiffs claimed statutory rights to such hearings pursuant to the immigration detention statutes, as well as a constitutional due process right to such hearings.

The district court granted partial summary judgment for Plaintiffs and the class on their statutory claims and, for that reason, granted partial summary judgment for the Government on Plaintiffs' due process claims.  The court entered a permanent injunction that requires three things. First, based on our decision in *Diouf v. Napolitano*, 634 F.3d 1081, 1086, 1092 & n.13 (9th Cir. 2011) (*Diouf II*), the Government must provide a class member who it has detained for six months or longer with a bond hearing before an IJ when the class member's release or removal is not imminent.  Second, based on our decision in *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011), the Government must justify a class member's continued detention by clear and convincing evidence showing that the alien is a flight risk or a danger to the community.  Third, the Government must provide class members who remain detained even after an initial bond hearing at six months with additional bond hearings every six months thereafter.  The Government

---

[1] We use the term "the Government" to refer collectively to the following Defendants-Respondents who Plaintiffs sued in their official capacities: (1) Elizabeth Godfrey, Field Office Director; (2) William P. Barr, U.S. Attorney General; (3) Matthew T. Albence, Acting Director of U.S. Immigration and Customs Enforcement; (4) Lowell Clark, Warden, (5) James McHenry, Director of the Executive Office for Immigration Review, (6) Chad Wolf, Acting Secretary of the U.S. Department of Homeland Security.  Our use of the uncapitalized term "the government" should not be construed as a reference to the Defendants-Respondents.

urges us to reverse and vacate the final judgment and permanent injunction on Plaintiffs' statutory claims.

This appeal presents the same core question we decide today in *Aleman Gonzalez v. Barr*, No. 18-16465: whether our construction of § 1231(a)(6) in *Diouf II* survives the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Our answer remains the same here. We affirm the district court's judgment and permanent injunction insofar as they conform to our construction of § 1231(a)(6) in *Diouf II*. We also affirm insofar as the judgment and permanent injunction require the Government to the satisfy the constitutional burden of proof we identified in *Singh*.

However, unlike *Aleman Gonzalez*, this appeal presents us with a different question regarding our construction of § 1231(a)(6). The district court ordered the Government to provide class members with *additional* bond hearings every six months. We hold that the court erroneously imposed this requirement as a statutory matter because we did not construe § 1231(a)(6) as requiring this in *Diouf II*, nor do we find any support for this requirement. We therefore partially reverse and vacate the judgment and permanent injunction, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Edwin Flores Tejada and German Ventura Hernandez joined this suit upon the filing of an amended complaint and petition for a writ of habeas corpus in January 2017. Flores

---

[2] We do not retrace the statutory and regulatory background set forth in *Aleman Gonzalez*, and instead limit our focus to discussing the distinct aspects of the proceedings in this case.

Tejada and Ventura Hernandez are noncitizens against whom the Government reinstated prior removal orders pursuant to 8 U.S.C. § 1231(a)(5). The Government detained and placed each in withholding-only proceedings pursuant to 8 C.F.R. § 1208.31(e) after an asylum officer determined that each had a reasonable fear of persecution or torture if returned to his country of origin. Plaintiffs alleged that the Government failed to provide them with an individualized statutory bond hearing before an IJ, in accordance with our court's precedents. On behalf of a putative class of similarly situated aliens in the District, Plaintiffs claimed a statutory right to an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) and our decision in *Robbins v. Rodriguez*, 804 F.3d 1060 (9th Cir. 2015) (*Rodriguez III*).[3] Plaintiffs further claimed a statutory right to a bond hearing pursuant to any of the immigration detention statutes as well as a constitutional due process right to such a hearing.

After the amended complaint's filing, we held in *Padilla-Ramirez v. Bible*, 862 F.3d 881, 884–87 (9th Cir. 2017), *amended by*, 882 F.3d 826, 830–33 (9th Cir. 2018), that aliens with reinstated removal orders who are placed in

---

[3] Given the then-absence of Ninth Circuit case law, Plaintiffs claimed that they were detained pursuant to § 1226(a), finding support in *Guerra v. Shanahan*, 831 F.3d 59 (2d Cir. 2016). In *Guerra*, the Second Circuit held that aliens with reinstated final removal orders who are placed in withholding proceedings are subject to detention pursuant to § 1226(a). *Id.* at 62–64. We expressly rejected this approach in *Padilla-Ramirez v. Bible*, 862 F.3d at 888–89, *as amended*, 882 F.3d at 834–35, to hold that such aliens are detained pursuant to § 1231(a)(6). The Third Circuit has expressly adopted our approach, *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 216–19 (3d Cir. 2018), whereas the Fourth Circuit has expressly adopted the Second Circuit's approach, *Guzman Chavez v. Hott*, 940 F.3d 867, 876–77, 882 (4th Cir. 2019).

withholding-only proceedings are detained pursuant to § 1231(a)(6). Because of that decision, the district court denied Plaintiffs' request for a preliminary injunction that would have required the Government to provide bond hearings pursuant to the regulation applicable to aliens detained pursuant to § 1226(a). 8 C.F.R. § 1236.1(d)(1). Thereafter, upon Plaintiffs' motion, the district court certified a class of: "[a]ll individuals who (1) were placed in withholding only proceedings under 8 C.F.R. § 1208.31(e) in the [District] after having a removal order reinstated, and (2) have been detained for 180 days (a) without a custody hearing or (b) since receiving a custody hearing."

The parties cross-moved for summary judgment on Plaintiffs' claims. The magistrate judge recommended granting partial summary judgment for Plaintiffs on their statutory claims. The magistrate determined that *Diouf II* requires the Government to provide class members with an individualized bond hearing, except for class members whose release or removal is not imminent. The magistrate determined that "[c]lass members must automatically receive such bond hearings after they have been detained for 180 days and every 180 days thereafter" pursuant to *Diouf II*, 634 F.3d at 1092, and *Rodriguez III*, 804 F.3d at 1085, 1089. These hearings had to "comply with the other procedural safeguards established in *Singh* and *Rodriguez III*," with the Government bearing the burden of justifying continued detention by clear and convincing evidence. The magistrate recommended partial summary judgment for the Government on Plaintiffs' due process claims because "class members are entitled to relief under § 1231(a)(6), as construed by the Ninth Circuit in *Diouf II*."

In the wake of *Jennings*, the parties notified the district court of their views about *Jennings*'s impact on the summary

judgment motions.  The court determined that *Diouf II* and *Jennings* are not clearly irreconcilable, and thus adopted and approved the magistrate's recommendations.  The court entered a final judgment, and a permanent injunction for Plaintiffs on their statutory claims.  The Government timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the appeal from the district court's final judgment pursuant to 28 U.S.C. § 1291.  "We review a grant of summary judgment de novo."  *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015).  "We review permanent injunctions under three standards: we review factual findings for clear error, legal conclusions de novo, and the scope of the injunction for abuse of discretion."  *United States v. Washington*, 853 F.3d 946, 962 (9th Cir. 2017).

## ANALYSIS

The Government contends that the district court erred by relying on *Diouf II* to conclude that the class members here are entitled to a bond hearing every 180 days before an IJ, at which the Government bears a clear and convincing burden of proof.  The Government further argues that the district court impermissibly "re-applied" the canon of constitutional avoidance to § 1231(a)(6) in contravention of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Martinez*, 543 U.S. 371 (2005).  Most of the Government's arguments here are indistinguishable from those we have considered and rejected in *Aleman Gonzalez*.

We will not retread our analysis in *Aleman Gonzalez*, but instead we reiterate our conclusions there that apply equally here.  First, *Diouf II*'s construction of § 1231(a)(6) to require

an individualized bond hearing for an alien subject to prolonged detention is not clearly irreconcilable with *Jennings*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). Consistent with *Diouf II*, 634 F.3d 1086, 1092 & n.13, we affirm the judgment and injunction's requirement that the Government must provide class members with an individualized bond hearing after six months of detention when a class member's release or removal is not imminent. Second, *Jennings* does not abrogate our constitutional due process holding in *Singh* regarding the applicable burden of proof at the bond hearing. Consistent with *Singh*, 638 F.3d at 1203–04, we affirm the judgment and injunction's requirement that the Government must bear a clear and convincing burden of proof to justify an alien's continued detention. Third, the district court did not improperly re-apply the canon of constitutional avoidance to § 1231(a)(6) or violate *Clark*. Consistent with *Clark*, 543 U.S. at 378, the judgment and injunction apply the same construction of § 1231(a)(6) to all class members.

Our affirmance of the judgment and injunction, however, goes no further. In addition to the foregoing requirements we have affirmed, the district court agreed with the magistrate judge's recommendation to order the Government to provide class members with additional statutory bond hearings every six months. The district court imposed this additional bond hearings requirement based on its conclusion that *Jennings* did not address § 1231(a)(6) and that *Diouf II* remains binding. That conclusion was error because we did not address the availability of additional bond hearings every six months in *Diouf II*. In fact, we have never squarely interpreted § 1231(a)(6) to require them.

In *Diouf II*, we applied the canon of constitutional avoidance to construe § 1231(a)(6) as "requiring *an*

individualized bond hearing, before an immigration judge, for aliens facing prolonged detention under that provision," *Diouf II*, 634 F.3d at 1086 (emphasis added), subject to whether the alien's release or removal is imminent, *id.* at 1092 n.13. We explained that "[s]uch aliens are entitled to release on bond unless the government establishes that the alien is a flight risk or will be a danger to the community." *Id.* at 1086. Although we suggested that greater procedural safeguards are required as the length of detention increases, we did so in the context of construing § 1231(a)(6) to require a bond hearing before an IJ after six months of detention, something which the government's post-*Zadvydas* regulations did not provide. *Id.* at 1089–92. We did not apply the canon to read any other requirements into § 1231(a)(6), let alone an additional bond hearings requirement. Thus, the court could not rely on *Diouf II* to sustain the requirement.

As the magistrate judge recognized, our decision in *Rodriguez III*—not *Diouf II*—established an additional bond hearings requirement in the context of an immigration detention statute.**[4]** In *Rodriguez III*, we relied on *Diouf II*'s abstract discussion of the necessity of greater procedural protections as the length of detention increases to hold that, in the context of § 1226(a), "the government must provide periodic bond hearings every six months so that noncitizens may challenge their continued detention as 'the period of . . .

---

**[4]** We question whether *Rodriguez III* could alone provide the basis for the additional bond hearings requirement for the § 1231(a)(6) class here. *Rodriguez III* made clear that aliens detained pursuant to § 1231(a)(6) were not class members in that case. *Rodriguez III*, 804 F.3d at 1086 ("Simply put, the § 1231(a) class does not exist."). Although *Rodriguez III* imposed additional procedural requirements, it did so only with respect to aliens detained pursuant to §§ 1225, 1226(a), and 1226(c). *Compare id. with id.* at 1086–1090.

confinement grows.'"  *Rodriguez III*, 804 F.3d at 1089 (quoting *Diouf II*, 634 F.3d at 1091).

*Jennings* defined "periodic bond hearing" to encompass a bond hearing held after an initial six months of detention, *Jennings*, 138 S. Ct. at 850–51, and rejected the imposition of such a "periodic bond hearing" requirement onto § 1226(a), *id.* at 847–48.  Although we have already explained in *Aleman Gonzalez* why *Jennings* does not undercut our construction of § 1231(a)(6) in *Diouf II* as requiring a bond hearing after six months of detention, that determination cannot sustain the additional bond hearings requirement the district court imposed here.  The court did not identify any authority other than our now-reversed decision in *Rodriguez III* to support its additional bond hearings requirement, nor are we are aware of any. *Rodriguez III* cannot support the additional bond hearings requirement the district court ordered in its judgment and permanent injunction given *Jennings*' reversal.

We have not previously considered whether § 1231(a)(6) can support an additional bond hearings requirement. While *Jennings* did not directly address such a requirement in the context of § 1231(a)(6), we find its reasoning persuasive. *Jennings* made clear that *Zadvydas*'s construction of § 1231(a)(6) to identify six months as a presumptively reasonable length of detention was already "a notably generous application of the constitutional-avoidance canon." *Jennings*, 138 S. Ct. at 843.  Although *Diouf II*'s six-month bond hearing construction coincides with *Zadvydas*'s six-month period, we find no support in either *Zadvydas*'s reading of § 1231(a)(6) or the statutory text itself to plausibly construe the provision as requiring *additional* bond hearings every six months.  We accordingly reverse and

vacate the judgment and permanent injunction for Plaintiffs in this regard.**[5]**

In doing so, we reverse and vacate the partial judgment for the Government on Plaintiffs' due process claims. The district court determined that granting summary judgment for Plaintiffs on the § 1231(a)(6) statutory claim warranted summary judgment for the Government on Plaintiffs' due process claims. We understand the district court to have effectively treated Plaintiffs' due process claims as moot. That is no longer the case given our decision today. Plaintiffs have requested a remand to allow the district court to consider their constitutional claims if we reversed on any statutory issues. At oral argument, the Government did not object to such a remand. We therefore conclude that a remand is appropriate so that the district court can consider Plaintiffs' constitutional claims. *Cf. Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 n.12 (9th Cir. 2012).

## CONCLUSION

The district court correctly determined that our controlling construction of § 1231(a)(6) in *Diouf II* requires the Government to provide a bond hearing to class members detained in the District whose release or removal is not imminent. The court also properly placed the appropriate burden of proof on the Government at such a hearing. We affirm the final judgment and permanent injunction to this effect.

---

**[5]** We underscore that our vacatur of the judgment and permanent injunction's additional bond hearings requirement as a statutory matter does not foreclose any class member from pursuing habeas relief in accordance with *Zadvydas*.

We otherwise vacate the judgment and permanent injunction insofar as they require, as a statutory matter, that the Government provide class members with additional bond hearings every six months beyond the initial bond hearing that *Diouf II* requires.  Consequently, we vacate the judgment for the Government on Plaintiffs' due process claims and remand for further proceedings.

**AFFIRMED in part, REVERSED and VACATED in part, and REMANDED.**  Each party shall bear its own costs.

FERNANDEZ, Circuit Judge, concurring in part and dissenting in part:

I would vacate the district court's judgment and permanent injunction entirely.  Therefore, I concur in the majority opinion, for the reasons stated therein, to the extent that it vacates the judgment and permanent injunction and remands for further proceedings on Plaintiffs' constitutional claim.  However, in light of the views I expressed in my dissenting opinion in *Aleman Gonzalez v. Barr*, No. 18-16465, slip op. at 58 (9th Cir. April 7, 2020), I respectfully dissent from the majority opinion to the extent that it affirms the district court's judgment and leaves the permanent injunction in place.