20-4095-cv
*Reeves v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of July, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

MICHAEL REEVES,

> *Plaintiff-Appellant*,

v.                                                                No. 20-4095

UNITED STATES OF AMERICA,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**       JULIE A. GOLDBERG, Goldberg and Associates, Bronx, NY.

**FOR DEFENDANT-APPELLEE:**       JESSICA F. ROSENBAUM, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sarah Netburn, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED IN PART**.

Appellant Michael Reeves appeals from the district court's order dismissing, for lack of subject-matter jurisdiction, his complaint against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, which alleged that Immigration and Customs Enforcement ("ICE") agents subjected him to a wrongful arrest and excessive force. Reeves, a citizen of Liberia, had entered the United States in 1986 on a nonimmigrant visa and remained in the country after his visa expired. An immigration judge ordered him removed to Liberia in 1997, and he was removed the following year. At some

2

point thereafter, Reeves unlawfully reentered the United States. In 2014, the Department of Homeland Security ("DHS") issued a notice of intent to reinstate Reeves's 1997 removal order. Reeves sought withholding or deferral of removal under the Convention Against Torture ("CAT"), expressing a fear of torture if he were returned to Liberia. But after he failed to appear at a scheduled hearing in July 2016, an immigration judge deemed his application for CAT relief abandoned. ICE then issued a warrant of removal, and Reeves was arrested in June 2018. After his arrest, Reeves moved the immigration court to recalendar his withholding-only proceedings, and in October 2018, the immigration judge granted Reeves's request. The following year, a different immigration judge granted Reeves a deferral of removal under CAT.

Reeves now asserts that the ICE agents wrongfully arrested him in June 2018 and used excessive force in carrying out the arrest. The district court dismissed Reeves's complaint, concluding that – because ICE agents were enforcing a final order of removal when they arrested Reeves – the court lacked subject-matter jurisdiction under 8 U.S.C. § 1252(g), which bars judicial review of claims "arising from the decision or action by the Attorney General to . . . execute removal orders." Reeves timely appealed, initially proceeding pro se but now represented by

3

counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On review of a dismissal for lack of subject matter jurisdiction, we review legal conclusions de novo and factual findings for clear error. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* Under the Immigration and Nationality Act, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

The central issue litigated by the parties below was whether, at the time of Reeves's June 2018 arrest, his order of removal was "final" – notwithstanding his withholding-only proceedings, which had been deemed abandoned before his arrest but were then later reinstated. This issue, however, was recently settled by the Supreme Court, which held that the "initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal." *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2288

4

(2021).[1]  That is because a successful application for withholding of removal "prohibits DHS from removing the alien *to* that particular country, not *from* the United States.  The removal order . . . remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute."  *Id.* at 2285 (emphasis in original).  The status of Reeves's withholding-only proceedings is thus irrelevant, since the removal order was final throughout the entirety of the proceedings.  *Id.* at 2288.  The district court therefore properly dismissed Reeves's claim for false arrest – as counsel for Reeves conceded at oral argument.

In his opening brief, which was filed pro se, Reeves raised only the issue of whether he was subject to a final removal order at the time of his June 2018 arrest.[2] After obtaining appellate counsel, however, Reeves raised a new argument for the first time on appeal – just days before oral argument – concerning his excessive

[1] This holding expressly abrogates our decision in *Guerra v. Shanahan*, in which we held that removal orders were nonfinal during the pendency of withholding-only proceedings.  *See* 831 F.3d 59, 64 (2d Cir. 2016).  The district court rendered its decision before the Supreme Court decided *Guzman Chavez* and thus relied on *Guerra*; the district court nonetheless concluded that the reinstated removal order was final because Reeves's withholding-only proceedings had been terminated prior to the arrest.

[2] Reeves did not challenge the district court's conclusion that any constitutional torts asserted against the United States were barred by the doctrine of sovereign immunity, and so he has abandoned those claims.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

force claim. He contends that, regardless of whether ICE officers were executing a final order of removal when they arrested him, section 1252(g) does not strip federal courts of jurisdiction to consider an FTCA claim for excessive force. At oral argument, the government took the position that jurisdiction over the excessive force claim may turn on the nature of the force alleged – a factual issue that was not sufficiently developed below. The government therefore consented to remand of the FTCA excessive force claim.

We conclude that, in these circumstances, the appropriate course of action is to vacate the dismissal of Reeves's excessive force claim and remand to the district court so that it may consider this jurisdictional issue (and make any relevant factual findings) in the first instance. *See Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000) ("It is our settled practice to allow the district court to address arguments in the first instance."); *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 306–07 (2d Cir. 1994) ("While the law makes clear that we retain the ability to address a theory of the case not considered below in certain cases, . . . our preferred practice is to remand the issue for consideration by the district court in the first instance where, as here, such a theory has been briefed and argued only cursorily in this Court." (internal

quotation marks, citations, and alterations omitted)). In all other respects, we affirm the judgment of the district court.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
