**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRYAN MADEIRA, an individual, and on behalf of others similarly situated,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>CONVERSE, INC., a Delaware corporation; DOES, 1-50, inclusive,<br><br>    Defendants-Appellees. | No. 22-55161<br><br>D.C. No.<br>5:19-cv-00154-CJC-SP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted July 11, 2023
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and DONATO,[**] District
Judge.

  Bryan Madeira, on behalf of himself and others similarly situated, appeals

two decisions of the district court: (1) the district court's denial of class

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

certification, and (2) the district court's grant of summary judgment for Converse. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

I.

Madeira appeals the denials of class certification for the "regular rate of pay" and "rounding" subclasses. "A district court's class certification ruling is reviewed for abuse of discretion." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 984 (9th Cir. 2015).

1. The district court did not abuse its discretion in denying class certification for the "regular rate of pay" subclass because Madeira failed to establish predominance of common issues under Rule 23(b)(3). "To ensure that common questions predominate over individual ones, the court must 'ensure that the class is not defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct.'" *Castillo v. Bank of Am., NA*, 980 F.3d 723, 730 (9th Cir. 2020) (quoting *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016)). In his motion for class certification, Madeira alleged that Converse "maintained a common policy of failing to pay adjusted overtime and meal and rest break premiums based on the increase in employees' regular rate of pay based on non-discretionary bonuses earned and paid once a year." He sought to certify a class

comprising "all persons employed by Defendant as non-exempt employees at the Converse Distribution Center at any time on or after November 21, 2014." But in support, he only offered evidence of his own bonuses and overtime rates and failed to include evidence of the overtime rates of, or bonuses received by, any other employee. Because Madeira offered insufficient evidence to support his position that Converse maintained a common bonus policy that applied uniformly to all putative class members, the district court correctly held that "individual questions predominate." Madeira failed to carry his burden, and we affirm the district court. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) ("[A] party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23." (internal quotation marks and citation omitted)).

2. We reverse the district court's denial of class certification for the rounding subclass. At this stage of the proceeding, the "district court is limited to resolving whether the evidence establishes that a common question is *capable* of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 667 (9th Cir. 2022) (en banc).

Whether Converse had a policy or practice that restricted its employees "in a manner that amounted to employer control during the period between their clock-in and clock-out times and their rounded shift-start and shift-end times," is a common

3

question, capable of class-wide resolution. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1010–11 (9th Cir. 2018). Under California law, predominating common questions can derive from a company policy. *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("Claims alleging that a uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment."). Madeira produced evidence of Converse's written company policy that required employees to record only compensable worktime. The district court erred when it relied upon declarations of certain employees' activities after they were clocked in but not working to show that the employees were not under Converse's control. "The types of activities [the employees] generally engaged in during this period are certainly relevant, but the activities of any particular [employee] are not dispositive of whether he or she was under [the employer's] control." *Sali*, 909 F.3d at 1010–11.

In denying certification, the district court also relied on *See's Candy Shops, Inc. v. Superior Ct.*, 210 Cal. App. 4th 889, 907 (2012), for the proposition that an employer's rounding policy is legal if it is "fair and neutral on its face and 'it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.'"

210 Cal. App. 4th 889, 907 (2012) (quoting 29 C.F.R. § 785.48).[1]  Since the

district court's ruling, a different district of the California Court of Appeal

questioned *See's Candy's* validity in light of intervening caselaw from the

California Supreme Court.  *See Camp v. Home Depot U.S.A., Inc.*, 84 Cal. App.

5th 638, 657–660 (2022).  In *Camp*, the Court of Appeal held that "if an employer

. . . can capture and has captured the exact amount of time an employee has worked

during a shift, the employer must pay the employee for 'all the time' worked."  *Id.*

at 660 (quoting Cal. Code Regs. tit. 8, § 11070, subd. 2(G)).  The *Camp* court

"invit[ed] the [California Supreme Court] to 'decide[] the validity of the rounding

standard articulated in *See's Candy*.'"  *Id.* at 661 (quoting *Donohue v. AMN Servs.,*

*LLC*, 11 Cal. 5th 58, 71 (2021)).  The California Supreme Court accepted the

invitation, granting review.  *Camp v. Home Depot U.S.A.*, 523 P.3d 391 (Cal.

2023).  Because of this development, the district court shall delay its ruling on the

remanded rounding subclass certification issue pending the California Supreme

Court's decision in *Camp*.

## II.

We turn to Madeira's challenges to the district court's order granting

Converse summary judgment on his individual claims.  "We review a grant of

---

[1] To the extent the district court relied on *See's Candy* for the proposition that individualized inquiries predominate over classwide claims, we note that *See's Candy* involved an appeal of summary judgment, not class certification.

5

summary judgment de novo." *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002).

1. On appeal, Madeira contends the district court applied the incorrect law in granting Converse's motion for summary judgment on his minimum wage and overtime claim. We disagree. The district court did not err in applying FLSA's "percentage of total earnings" exception to Madeira's claims because "California law adheres to the standards adopted by the U.S. Department of Labor to the extent that those standards are consistent with California law." California Division of Labor Standards Enforcement (DLSE) Enforcement Policies and Interpretation Manual § 49.1.2. The pertinent federal standard is found in 29 C.F.R. § 778.210: "a bonus paid as a predetermined percentage of an employee's straight-time and overtime compensation increases the straight-time and overtime earnings by the same percentage, and thereby includes proper overtime-premium compensation without need for additional computation." Wage-Hour Opinion Letters No. FLSA 2018-9 (discussing 29 C.F.R. § 778.210). California law is not inconsistent; an employer is not required to incorporate a "percentage of total earnings" bonus into the regular rate of pay calculation. *Lemm v. Ecolab Inc.*, 87 Cal. App. 5th 159, 173

(2023) (holding that employer's calculation of overtime that excludes percentage-based bonus "is proper under federal and California authorities").

2.  However, on the rounding claim, the district court erred in granting summary judgment to Converse.  Contrary to the district court's finding, Madeira did not waive his rounding claim theory because he put Converse on sufficient notice of it when he moved for class certification of the related subclass before the close of discovery.  *Cf. Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 973 (9th Cir. 2021) (acknowledging that "[n]otice in the complaint is preferred" however, when documents identifying an additional legal theory were submitted to the district court prior to discovery, the defendant "had notice and was not prejudiced by Appellants' [additional] claim").  Here, Converse had notice of the rounding theory in February 2020, by virtue of the class certification motion, and discovery did not close until November 12, 2021.  In its opposition to class certification, Converse argued the merits of the rounding class, pointing to statistics, expert opinions, and relevant caselaw.  In the 21 months between notice and the close of discovery, Converse had ample time to gather additional information on this claim, including re-deposing Madeira.  Even though the operative complaint did not contain the word rounding, we find that Converse had notice of the theory and was not prejudiced.

On the merits, the district court relied upon *See's Candy*'s statement of the

"rounding policy" law in California. However, the California Supreme Court's pending decision in *Camp* could potentially alter the analysis of a "rounding" claim. If so, that decision would be retroactive on all cases not final. *See Newman v. Emerson Radio Corp.*, 48 Cal. 3d 973, 978 (1989) ("The general rule that judicial decisions are given retroactive effect is basic in our legal tradition."). For this reason, the district court shall defer ruling on Converse's motion for summary judgment on this claim until *Camp* is decided.

Appellant's Request for Judicial Notice, Dkt. No. 43, is **GRANTED.**

**AFFIRMED** in part, **REVERSED** in part.